COMMONWEALTH *vs.* ARTHUR LAMMI.

Worcester.          September 22, 1941. — October 30, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Pleading, Criminal*, Bill of particulars. *Practice, Criminal*, Sentence, Grand jury proceedings, Discretionary control of evidence, Requests, rulings and instructions, Confession, New trial. *Evidence*, Relevancy, State's evidence, Presumptions and burden of proof, Accomplice, Confession. *Witness*, State's evidence, Competency, Direct examination, Cross-examination.

The defendant in an indictment is not entitled as of right to be given a bill of particulars literally complying with a motion for a specification of "each and every overt or criminal act alleged to have been committed by the defendant in commission of" the crime alleged in the indictment.

After the Commonwealth, in response to the allowance of a motion by the defendant in an indictment to require it to specify "each and every overt or criminal act alleged to have been committed by the defendant," had specified various acts on his part, followed by the statement, "In short participated in the entire program of the crime from its beginning to its end," it was not error to deny a motion by the defendant to strike such statement from the bill of particulars.

No error appeared in a refusal to sentence one of several defendants, who had pleaded guilty to a joint indictment, before allowing him to testify as a witness for the Commonwealth at the trial of the others.

It was within the discretion of the judge presiding at the trial of an indictment to allow the district attorney to ask a leading question in direct examination of a codefendant who had pleaded guilty and had been called as a witness for the Commonwealth.

No abuse of discretion was shown, at the trial of an indictment charging assault with intent to rob and robbery, in the exclusion of irrelevant questions as to bad checks, asked in cross-examination of a witness for the Commonwealth.

In the absence of extraordinary circumstances, a judge before whom an indictment is tried will not inquire whether incompetent evidence was heard by the grand jury.

There was no abuse of discretion at the trial of an indictment in the exclusion of evidence which, even if "corroborative to the defendant's testimony," related to matters remote from the issues being tried.

The admission, at the trial of an indictment, of evidence in rebuttal which might have been presented in the Commonwealth's case in chief, or was similar to evidence which had been so presented, showed no error.

Requests for rulings, presented at the close of the charge at the trial of an indictment without "special leave" to present them at that time, had no standing by reason of Rule 71 of the Superior Court (1932).

A conviction at a criminal trial may be founded on the uncorroborated testimony of an accomplice of the defendant. .

No error affecting one of two defendants at a criminal trial would have been shown even if the judge, upon the other defendant's pleading guilty after the jury had retired, had not withdrawn from them a signed confession by the second defendant which had been admitted in evidence and had been read to them with express instructions that it was competent only against him and not against the first defendant.

No abuse of discretion nor error of law was shown in the denial of a motion for a new trial of an indictment based on newly discovered evidence which the trial judge might well have concluded did not materially change the case as developed at the trial.

INDICTMENT, found and returned on August 19, 1938.

The case was tried before *Burns,* J.

*J. A. Anderson,* for the defendant.

*C. S. Barton,* Assistant District Attorney, for the Commonwealth.

QUA, J. The present defendant, Lammi, and two others were jointly indicted for assault with intent to rob and robbery of a sum of money from Albert C. Bacon. After conviction at a trial conducted under the provisions of G. L. (Ter. Ed.) c. 278, §§ 33A–33G, Lammi, hereinafter called the defendant, has appealed under § 33B.

1. There was no error in the refusal of the judge to strike out a portion of the Commonwealth's bill of particulars. Before trial the defendant had moved that the Commonwealth be ordered to specify in detail (1) the exact place and (2) time of the alleged assault and robbery, (3) the exact nature of the alleged assault, (4) which of the defendants "actually committed the alleged assault and robbery," and (5) "each and every overt or criminal act alleged to have been committed by the defendant, Arthur Lammi, in commission of the alleged assault, robbery and stealing of the money from the person of Albert C. Bacon." The judge had allowed the motion generally. The Commonwealth had specified in accordance with the items of the motion numbered 1 to 4 inclusive and in response to item 5 had stated this: "The defendant, Arthur Lammi,

planned the robbery in conjunction with the defendants Mitchell and McManus; drove the other defendants to the scene of the robbery; identified the victim; stayed at the scene of the robbery until it was committed; drove the other defendants away from the scene of the robbery; concealed them in his house after the event; divided the stolen money and took his share of it; warned the other defendants to leave Worcester, drove them to a place where they could escape; destroyed the bag which contained the money that was stolen. In short participated in the entire program of the crime from its beginning to its end." The Commonwealth also stated its inability to furnish further specifications at that time. Thereupon the defendant moved to strike out the sentence reading, "In short participated in the entire program of the crime from its beginning to its end," on the ground that it did not comply with the defendant's motion for particulars, with the order of the court thereon, and with "the statute," presumably referring to G. L. (Ter. Ed.) c. 277, § 40. Denial of his motion to strike is assigned as error.

A short answer to the defendant's contention is that he was never entitled as of right to specifications in the full and exacting detail which an absolutely literal compliance with item 5 of his motion would require. He was entitled as of right to such particulars as might be necessary to give him and the court "reasonable knowledge of the nature and grounds of the crime charged," if "the charge would not be otherwise fully, plainly, substantially and formally set out." G. L. (Ter. Ed.) c. 277, § 40. Declaration of Rights, art. 12. He was not entitled to such minute particularity as would compel the Commonwealth to set forth what would amount to a summary of all the anticipated evidence implicating the defendant on pain of being unable to introduce any evidence of any single word or act of the defendant contributing to the crime different in any way from or in addition to that previously summarized. Such extreme specification is impractical, unnecessary to an adequate defence, and would tend to hamper and to prevent the conduct of the trial in a normal manner and to obstruct

justice. The defendant acquired no vested right to such particularity as this by reason of the allowance of his original motion. When the judge heard the motion to strike he could take the view that the defendant had already had all the specification necessary for his protection and that justice did not require further action in pursuance of item 5 of the defendant's original motion. *Commonwealth* v. *Howard,* 205 Mass. 128, 143. *Commonwealth* v. *Bartolini,* 299 Mass. 503, 508–510, certiorari denied *sub nomine Bartolini* v. *Massachusetts,* 304 U. S. 565.

2. One Mitchell had been indicted jointly with the defendant and had pleaded guilty, apparently before the trial of the defendant and the third codefendant, one McManus, began. At the trial Mitchell was called as a witness by the district attorney. The defendant insisted that the judge sentence Mitchell before he should be allowed to testify, "so that he would be a more impartial witness," and assigns as error the judge's refusal to do so. The defendant concedes that under the decision in *Commonwealth* v. *Smith,* 12 Met. 238, the codefendant "was a competent witness" after pleading guilty and before being sentenced, but argues that a codefendant who pleads guilty and "turns State's evidence" "either has been promised or expects leniency in sentence" and should therefore be sentenced before he testifies and not left "to curry favors from the prosecution." We are not aware of any such rule or practice in this Commonwealth. Sentence is commonly imposed upon motion of the district attorney and not upon that of a codefendant. G. L. (Ter. Ed.) c. 279, § 3A, fixes limits of time within which the district attorney shall move for sentence. The judge upon whom rests the responsibility for the sentence is not a part of "the prosecution." It is provided by G. L. (Ter. Ed.) c. 233, § 20, that "Any person of sufficient understanding, although a party, may testify in any proceeding, civil or criminal" with certain exceptions not here material. In substance the point is decided against the defendant by *Commonwealth* v. *Smith.*

3. The judge did not exceed the bounds of his discretion in permitting a leading question to be asked in the direct

examination of the witness Mitchell. *Commonwealth* v. *Knight*, 257 Mass. 421, 424. *Commonwealth* v. *Simpson*, 300 Mass. 45, 51, certiorari denied *sub nomine Simpson* v. *Massachusetts*, 304 U. S. 565.

4. On the cross-examination by the defendant's attorney of the witness Mitchell the judge excluded questions as to whether police officers were "looking for" him at a time when the witness had left Lynn after "a little misunderstanding . . . in regard to some checks," and also excluded a question as to the amount of the checks. The questions excluded were irrelevant to any issue on trial. The judge did not deny to the defendant's counsel a reasonable opportunity to test the credibility of the witness. The judge was not obliged to try out any issue in relation to bad checks at some time given by the witness but having nothing to do with the alleged robbery. *Commonwealth* v. *Schaffner*, 146 Mass. 512, 515, 516. *Commonwealth* v. *Foster*, 182 Mass. 276, 279. *Commonwealth* v. *McDermott*, 255 Mass. 575, 580.

5. The judge allowed the defendant ample opportunity to inquire on cross-examination into the motive of the witness Mitchell in confessing his own guilt and implicating the defendant and whether he hoped thereby to lighten his own sentence. There was no error in excluding two of the questions asked of Mitchell and one asked of Police Sergeant Pierce. It is unnecessary to discuss them in detail.

6. During the trial, after the close of the evidence for the Commonwealth, the defendant moved to quash the indictment on the ground that from the evidence given at the trial it appeared that the indictment must have been obtained upon hearsay evidence presented to the grand jury. After verdict the defendant moved in arrest of judgment on the same ground. Passing over any question whether the motion to quash was seasonably made (*Lebowitch, petitioner,* 235 Mass. 357, 362) or whether the motion in arrest of judgment could be maintained for the cause alleged (see G. L. [Ter. Ed.] c. 278, § 34), it is settled in this Commonwealth that, at least in the absence of ex-

traordinary circumstances, the trial court "will not inquire whether competent evidence was heard by the grand jury." *Commonwealth* v. *Walsh*, 255 Mass. 317, 319. *Commonwealth* v. *Woodward*, 157 Mass. 516. *Commonwealth* v. *Ventura*, 294 Mass. 113, 120, 121.

7. There is nothing in the record to show that the exclusion of a letter from the registry of motor vehicles to the defendant, apparently dated January 11, 1940, or the exclusion of "the notice from the selectmen of Middleboro denying [to the defendant] a gasoline station license" was error. The wording of these papers does not appear in the record before us. They are not shown to have borne upon any issue in the case. It is now asserted that they were "corroborative to the defendant's testimony." If they were, they related to matters remote from the vital issues, and the judge could exclude them in his discretion. *Sanderson* v. *Carroll*, 238 Mass. 142. *Commonwealth* v. *Kosior*, 280 Mass. 418, 421.

8. The exclusion of questions to the defendant as to what another person had said that caused the defendant to remember where he was on the day after the crime is in the same category as the evidence last discussed.

9. There was no error in admitting evidence in rebuttal which might have gone into the Commonwealth's direct case, or which was similar to evidence that had gone in, or which contradicted another of the Commonwealth's witnesses. *Dunlea* v. *R. D. A. Realty Co.* 301 Mass. 505. G. L. (Ter. Ed.) c. 233, § 23.

10. At the close of the charge the defendant made a number of requests for rulings among which were several to the general effect that the jury should hesitate to convict or should not convict the defendant upon the uncorroborated testimony of an accomplice. These requests were not made in writing before the closing argument as required by Rule 71 of the Superior Court (1932), and it does not appear that the judge gave "special leave" to present them later. These requests therefore had no standing as such, and no exception can be based upon the refusal to grant them. *Commonwealth* v. *Hassan*, 235 Mass. 26. *Commonwealth* v.

*Allen*, 256 Mass. 452, 455. Moreover, there is, in this Commonwealth, no rule of law that a jury cannot convict upon the uncorroborated testimony of an accomplice. Whatever may be the common practice of trial judges at the present day, it is not error of law to refuse to give instructions of the character requested. *Commonwealth* v. *Wilson*, 152 Mass. 12, 14, 15. *Commonwealth* v. *Bishop*, 165 Mass. 148, 150. *Commonwealth* v. *Leger*, 264 Mass. 217, 220.

11. An inadvertence of the judge in telling the jury that the defendant was charged with robbery "being armed with a dangerous weapon" and in reading to them a section of the statutes dealing with that offence was promptly and adequately corrected by explaining the mistake and reading the section dealing with the type of robbery actually charged in the indictment.

12. The defendant complains that a "confession" signed by the codefendant McManus was not promptly withdrawn by the judge from the jury when, after the jury had retired, that defendant pleaded guilty. The record does not bear out this contention, but if it did there would be no error. The judge had plainly instructed the jury when the "confession" was admitted in evidence that it was competent against McManus but was "not any evidence whatever as against the defendant Lammi." It had then been read to the jury. The judge was not required physically to withdraw the paper from the jury after McManus pleaded guilty, although the record shows that in fact he did so.

13. If we assume that the defendant's exception to the denial of his motion for new trial for newly discovered evidence was filed within the time allowed by Rule 72 of the Superior Court (1932), the denial of the motion was not an abuse of discretion and discloses no error of law. In "the exercise of discriminating judgment within the bounds of reason" (*Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496) the judge might well conclude that the newly presented evidence did not materially change the aspect of the case as developed at the trial. *Commonwealth* v. *Sacco*, 255 Mass.

369, 451, 452, 458. *Commonwealth* v. *Devereaux*, 257 Mass. 391. *Commonwealth* v. *Taylor*, 265 Mass. 133.

We have considered all the assignments of error and have discussed all that have been argued. There is no merit in any of the assignments.

*Order denying new trial affirmed.*
*Judgment affirmed.*