COMMONWEALTH vs. ROBERT W. HARE.

Middlesex.    October 5, 1971. — February 28, 1972.

Present: TAURO, C.J., CUTTER, SPIEGEL, REARDON, QUIRICO, BRAUCHER,
& HENNESSEY, JJ.

*Jurisdiction*, Abortion.    *Pleading, Criminal*, Indictment or complaint,
Bill of particulars.

One coming within the power of Massachusetts could be prosecuted
here as an accessory before the fact to an abortion performed here
even though all the acts alleged to make him an accessory were
done outside Massachusetts. [265]
Where an indictment for being an accessory before the fact to an
abortion was phrased in the statutory language, it was error to
dismiss it on the ground that a bill of particulars showed that no
crime was charged. [266-269]
A judge in a criminal case erred in his use of grand jury minutes to
support his conclusion that a bill of particulars showed that no
crime was charged. [266, 269]

INDICTMENT found and returned in the Superior Court
on June 10, 1969.

An order dismissing the indictment was entered by
*Roy, J.*

*William P. Homans, Jr.*, for the defendant.

*Terence M. Troyer*, Assistant District Attorney, for the
Commonwealth.

TAURO, C. J.    The Commonwealth appeals under G. L.
c. 278, § 28E, from an order dismissing an indictment in
which the defendant is charged with being an accessory
before the fact to abortion by counseling, hiring, or other-
wise procuring the commission of such felony (G. L. c.
272, § 19, c. 274, § 2).    The trial judge in his decision
described the bill of particulars of the Commonwealth as
alleging that "the defendant, as a participating member
of the Cleveland Consultation Service, between April 1,
1969, and April 12, 1969, knowing he was in violation of
the laws of the Commonwealth, instructed . . . [the
young woman] and her companion to proceed to Pierre

V. Brunelle, knowing he was an unlicensed physician, located at 4 Tremont Street, Chelmsford, Massachusetts, for the purpose of having Brunelle perform an unlawful abortion on . . . [the young woman]; and that the defendant provided the name of Brunelle and the price of the unlawful abortion, $400."

The judge ruled as follows: "I do not regard the use of the word 'instructed', in the Bill of Particulars as implying that the defendant directed, advised, or induced . . . [the young woman] to proceed to Brunelle, the alleged abortionist. An inspection of the evidence of . . . [the young woman] before the Grand Jury confirms this view. In plain language, the defendant informed . . . [the young woman] of the telephone number and address of Brunelle as one who would perform an abortion for $400. From the facts alleged in the Bill of Particulars and the reasonable inferences which may be drawn therefrom, no more can be concluded than that . . . [the young woman] sought out the defendant, seeking information as to an abortion, and that the defendant furnished her with the name, address, and telephone number of the alleged abortionist, and the price. There is no evidence of any connection or communication between the defendant and Brunelle. Obviously, under our law, . . . [the young woman] was not an accomplice in the commission of the crime charged. The Bill of Particulars discloses no stake or interest of the defendant, financial or otherwise, in the commission of the alleged offense. In my view, the facts contained in the Bill of Particulars fall short of showing an association of the defendant with the venture or that he participated in it as in something that he wished to bring about and that he sought, by his action, to make it succeed."

The grounds for the defendant's motions to dismiss were (1) for lack of jurisdiction,[1] and (2) for failure of

---

[1] The defendant's motion to dismiss on this ground provides as follows: "1. That the indictment shows on its face that the offense alleged to have been committed by the defendant was committed beyond the territorial jurisdiction of the Superior Court of the County of Middle-

the indictment and bill of particulars to set forth an offence under G. L. c. 272, § 19.

The judge concluded with the following ruling: "Accordingly, the Motion to Dismiss the Indictment is allowed. In view of this action, I do not reach the constitutional issues raised by another motion of the defendant to dismiss the indictment, particularly and more specifically relating to the issue raised with respect to the First Amendment to the Constitution of the United States.[2]   Under these circumstances, I deem it inappropriate for the Trial Court to consider these constitutional questions; and because of this, I have denied the motion to dismiss which is based on such issues."

1. We shall first discuss the issue raised as to jurisdiction.[3]   The defendant contends that the alleged acts for which he has been indicted occurred outside the Commonwealth and that our courts have no jurisdiction in the matter.   The short answer is that, if the State succeeds in getting the defendant within its power, the law of this Commonwealth permits prosecution of the defendant for acts done outside its borders but intended to have effect within the Commonwealth.   See *Commonwealth* v. *Smith,* 11 Allen 243, 256, 259; *Commonwealth* v. *Macloon,* 101 Mass. 1, 6, 18; *Commonwealth* v. *White,* 123 Mass. 430, 433; *Commonwealth* v. *Welch,* 345 Mass. 366, 371; *Commonwealth* v. *White,* 358 Mass. 488, 490, fn. 4, *Commonwealth* v. *Carroll,* 360 Mass. 580, 585.   See also *Strass-*

---

sex and beyond the territorial jurisdiction of any court within this commonwealth.   2. That, on the basis of the matter contained in the indictment, the defendant, by his counsel, is informed and believes and therefore avers that the answers to the defendant's motion for bill of particulars, when filed by the Commonwealth, will show that the act or acts alleged to have been committed by the defendant constituting the offense alleged by the indictment was or were committed beyond the territorial jurisdiction of any court within this commonwealth."

[2] On the present record the First Amendment issue is not before us.

[3] Since the Commonwealth prevailed upon this issue in the court below, this issue is not properly before us on an appeal by the Commonwealth. See G. L. c. 278, § 28E.   Nevertheless, it is fully included in the record, and in view of the disposition we make of the case, we think that fairness to the parties requires us to comment upon the issue.

Commonwealth *v.* Hare.

*heim* v. *Daily,* 221 U. S. 280, 285; *Frisbie* v. *Collins,* 342 U. S. 519, 522.

2. We next consider the correctness of the judge's order dismissing the indictment for reasons delineated in his decision. The indictment [4] is phrased in the language of the statute. [5] But the judge below, in reaching his decision, went beyond the indictment itself and considered the information contained in the Commonwealth's bill of particulars and also in the minutes of the grand jury proceedings. In effect, the judge ruled that the bill of particulars served to cut down or negate what was otherwise a valid and sufficient indictment. It seems clear that the judge's use of the grand jury minutes merely served to corroborate and support a decision made on the basis of the bill of particulars.

Ever since the criminal pleading act of 1899 [6] we have held that indictments framed in the language of the statute are sufficient. [7] No criminal case has been brought to

---

[4] The grand jury returned the following indictment: "The Jurors for the Commonwealth of Massachusetts on their oath present, That Robert W. Hare between the first day of April in the year of our Lord one thousand nine hundred and sixty-nine and the twelfth day of April in the year of our Lord one thousand nine hundred and sixty-nine without the Commonwealth, aforesaid, with intent to procure the miscarriage of . . . [the young woman], did aid or assist one Pierre V. Brunelle in unlawfully using an instrument or other means upon the body of . . . |the young woman] in Chelmsford, Massachusetts."

[5] General Laws, c. 274, § 2, as appearing in St. 1968, c. 206, § 1, provides: "Whoever aids in the commission of a felony, or is an accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed, shall be indicted, tried and punished as a principal." General Laws c. 272, § 19, provides: "Whoever, with intent to procure the miscarriage of a woman, unlawfully administers to her, or advises or prescribes for her, or causes any poison, drug, medicine or other noxious thing to be taken by her or, with the like intent, unlawfully uses any instrument or other means whatever, or, with like intent, aids or assists therein, shall, if she dies in consequence thereof, be punished by imprisonment in the state prison for not less than five nor more than twenty years; and, if she does not die in consequence thereof, by imprisonment in the state prison for not more than seven years and by a fine of not more than two thousand dollars."

[6] St. 1889, c. 409 (see G. L. c. 277, §§ 15–46).

[7] *Commonwealth* v. *Dewhirst,* 190 Mass. 293, 295. *Commonwealth* v. *Jordan,* 207 Mass. 259, 266–268. *Commonwealth* v. *Farmer,* 218 Mass. 507, 509. *Commonwealth* v. *Allison,* 227 Mass. 57, 61. *Commonwealth* v. *Pentz,* 247 Mass. 500, 505. *Coommonwealth* v. *Reilly,* 248 Mass. 1, 3.

our attention where this court authorized a dismissal of an indictment on the ground of insufficiency of the evidence prior to trial. In all of the cases cited by the defendant, the pleadings, together with the evidence, were before this court. See *Commonwealth* v. *Giles,* 1 Gray, 466; *Commonwealth* v. *Haywood,* 247 Mass. 16, 19; *Commonwealth* v. *Snyder,* 282 Mass. 401, 412; *Commonwealth* v. *Albert,* 307 Mass. 239, 244; *Commonwealth* v. *Iannello,* 344 Mass. 723, 727. Indeed, this court has considered an indictment to be sufficient if it (a) sets forth the elements of the crime alleged in the statutory form (*Commonwealth* v. *Benjamin,* 358 Mass. 672, 676) and (b) if it would "enable the defendant to plead the conviction or acquittal in bar to another prosecution for the same offence" (*Commonwealth* v. *Bracy,* 313 Mass. 121, 123–125). In the instant case, the indictment identifies the principal, Brunelle, the woman, the place, and the method of procuring the abortion, and conviction or acquittal under the indictment would bar further prosecution for the same offence. Thus, following our well established rule, it would appear that the judge erred in dismissing the indictment in the present case unless he could correctly consider the specifications in the Commonwealth's bill of particulars.

This is the precise issue before us. When we last considered this subject in *Commonwealth* v. *Iannello, supra,* at 726–727, we said: "The gist of the defendants' contention . . . is that the sufficiency of the indictment . . . be measured by the particulars which purport to state the nature of the crime and the manner and means of its commission . . . . The language of the indictment is . . . prescribed by G. L. c. 277, § 41, and . . . § 79. The purpose . . . of specifications in a bill of particulars . . . is

---

*Commonwealth* v. *Ballou,* 283 Mass. 304, 312. *Commonwealth* v. *Welansky,* 316 Mass. 383, 395–396. *Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 747. *Commonwealth* v. *Iannello* 344 Mass. 723, 726. *Commonwealth* v. *Kiernan,* 348 Mass. 29, 33, cert. den. sub nom. *Gordon* v. *Massachusetts,* 380 U. S. 913. *Commonwealth* v. *McLaughlin,* 352 Mass. 218, 221–223. *Commonwealth* v. *Benjamin,* 358 Mass. 672, 676.

to give a defendant reasonable knowledge of the nature and character of the crime charged (*Commonwealth* v. *Hayes,* 311 Mass. 21, 24–25; *Commonwealth* v. *Ries,* 337 Mass. 565, 580–581), and the effect, when filed, is to bind and restrict the Commonwealth as to the scope of the indictment and to the proof to be offered in support of it. . . . The specifications in a bill of particulars . . . do not, however, have the effect of derogating from an indictment which sufficiently avers a crime cognizable under our law. . . . [To rule otherwise] would again expose the prosecution to the pitfalls of pleading which these sections,[8] authorizing the short form indictment, were designed to eliminate."

Unless we are now prepared to overrule our holding in *Commonwealth* v. *Iannello, supra,* we must conclude that the sufficiency of the indictment in the present case should be judged without regard to the bill of particulars.

We have reviewed the *Iannello* case, *supra,* and we adhere to its sound reasoning, giving due consideration to its basis in our prior case law.[9] For this reason, we follow the holding of the *Iannello* case, and we conclude that the judge below erred in considering the Commonwealth's bill of particulars in derogation of its indictment. We reiterate what was said in *Commonwealth* v. *Tilley,* 327

[8] General Laws, c. 277, § 41, provides: "In an indictment for criminal dealing with personal property with intent to steal, an allegation that the defendant stole said property *shall be sufficient;* and such indictment may be supported by proof that the defendant committed larceny of the property, or embezzled it, or obtained it by false pretences" (emphasis supplied). General Laws c. 277, § 79, provides: "the forms . . . annexed [to this chapter] . . . shall be sufficient."

[9] Support is also found in cases from other jurisdictions. See *United States* v. *Auerbach,* 420 F. 2d 921, 924 (5th Cir.), cert. den. 399 U. S. 905, where the court stated, "Contrary to the defendants' contention, the Government's Bill of Particulars did not supplement or change or affect the indictment." See also *United States* v. *Arge,* 418 F. 2d 721, 724 (10th Cir.) ("The indictment must stand on its allegations and whatever the bill of particulars contained in the way of variance from this allegation, in the light of concealment being a continuous offense, does not effect the sufficiency of the indictment") ; *State* v. *Lisbon Sales Book Co.* 33 Ohio Op. 2d 332, 334 ("A bill of particulars cannot create or cure a defect in an indictment, an indictment sufficient upon its face cannot be made demurrable by a bill of particulars"), aff'd. 176 Ohio St. 482, app. dism. and cert. den. sub nom. *Lisbon Salesbook Co.* v. *State,* 379 U. S. 673.

Mass. 540, more than a decade before the *Iannello* case. There the defendant argued that the Commonwealth's proposed proof did not support its charge. We rejected this contention in clear terms (at 541) : "[T]hat question is not open. The motion here was presented before any evidence was introduced. At that time the only question raised by the motion was the legal sufficiency of the indictment." Also in *Commonwealth* v. *Pascone,* 308 Mass. 591, 597, we stated: "Inasmuch as the defendant, seemingly by choice, has confined his exceptions to the denial of his motion to dismiss, which attacks only the legal sufficiency of the complaint and the constitutionality of the statute, no issue is raised on this record as to whether the proof supports the charge . . . *nor would we be justified in assuming that all the evidence on that issue is included in the bill of exceptions*" (emphasis supplied).

3. The judge erred in his use of the grand jury minutes. In *Commonwealth* v. *Galvin,* 323 Mass. 205, 211–212, this court stated: "[The] motion to quash the indictment on the ground that it was based on incompetent and insufficient evidence was properly denied. The court will not inquire into the competency or sufficiency of the evidence before the grand jury. *Commonwealth* v. *Woodward,* 157 Mass. 516. *Commonwealth* v. *Walsh,* 255 Mass. 317, 319. *Commonwealth* v. *Ventura,* 294 Mass. 113, 120, 121. *Commonwealth* v. *Lammi,* 310 Mass. 159, 163, 164." *Commonwealth* v. *Beneficial Fin. Co.* 360 Mass. 188, 225. The Federal rule, although not binding on the States, is to the same effect. See *Costello* v. *United States,* 350 U. S. 359, 363–364.

4. In the context of congestion and crowded dockets, there is undeniable weight to the argument that, where it is clear by reason of established facts and established law that the defendant cannot be convicted, the Commonwealth and the defendant should not be put to the trouble and expense of a trial. But the problem cannot be solved by a method which creates even greater problems and which runs contrary to well established law. We are convinced that a return to the old and discredited

methods of criminal pleading, or reaching this same result by permitting bills of particulars to be engrafted on the language of short form indictments to test their sufficiency, woud be totally undesirable.

The law is well established that the purpose of a bill of particulars is "to describe in more detail that which is included in the allegations of an indictment in order that the defendant may be fully informed of the nature of the charge and be enabled to prepare an adequate defence." *Commonwealth* v. *Ries*, 337 Mass. 565, 580–581. Particulars are not a summary of all of the Commonwealth's anticipated evidence. See *Commonwealth* v. *Lammi*, 310 Mass. 159, 160–161; *Commonwealth* v. *Kiernan*, 348 Mass. 29, 34; cert. den. sub nom. *Gordon* v. *Massachusetts*, 380 U. S. 913. Moreover, if we allowed the bill of particulars to be used in testing the sufficiency of the allegations, there could be a serious question as to whether the judge's action was an acquittal on the merits. See *Commonwealth* v. *Bracy*, 313 Mass. 121, 123–125. Particulars do, of course, bind and restrict the Commonwealth as to the scope of the indictment and the proof to be offered. *Commonwealth* v. *Albert*, 307 Mass. 239, 243. *Commonwealth* v. *Iannello*, 344 Mass. 723, 726. If the bill of particulars in the instant case in fact presents the total extent of the Commonwealth's proof, we think, without so deciding, that the allowance of a motion for a directed verdict might well be required at the conclusion of the Commonwealth's opening statement or at the close of the Commonwealth's case. See *Commonwealth* v. *Stout*, 356 Mass. 237, 240–241; *Commonwealth* v. *Perry*, 357 Mass. 149, 151–152; *Commonwealth* v. *French*, 357 Mass. 356, 391–392.

Nothing we hold today prevents the parties from testing the sufficiency of the evidence by stipulation or by some other proceeding, agreeable to the parties, which avoids a long and costly trial.

Nor does anything we hold today prevent the Superior Court from utilizing the procedure set forth in *Commonwealth* v. *Brandano*, 359 Mass. 332, 337, to determine

this indictment on grounds other than those we hold to-day to be inapplicable because of our rules of criminal pleading.

whether the interests of justice require a dismissal of

*Order dismissing indictment reversed.*