COMMONWEALTH *vs.* EARLE R. ROBINSON.

Middlesex.    May 2, 1977. — November 2, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Pleading, Criminal,* Indictment.  *Practice, Criminal,* Report, Grand
   jury proceeding.

The adequacy of evidence presented to a grand jury cannot be tested
   by a motion to dismiss. [592]

INDICTMENT found and returned in the Superior Court
on January 13, 1976.

A motion to dismiss the indictment was heard by *Travers,* J.,* and reported by him to the Appeals Court. The
Supreme Judicial Court, on its own initiative, ordered
direct review.

The case was submitted on briefs.

*Willie J. Davis* for the defendant.

*John J. Droney,* District Attorney, *& James W. Saha-*
*kian,* Assistant District Attorney, for the Commonwealth.

QUIRICO, J.    The defendant was indicted for having
"sexual intercourse or unnatural sexual intercourse" with
a child under sixteen years, and for having compelled the
child "to submit by force and against his will ... or ... by
threat of bodily injury, to said intercourse" in violation of
G. L. c. 265, § 22A. The defendant filed a pre-trial motion
to dismiss the indictment "which alleges that the defend-
ant committed the crime of rape, on the ground that no
evidence was presented to the Grand Jury from which
probable cause could be found that such a crime was com-
mitted, and that the defendant committed it."

The defendant and the Commonwealth stipulated that
the evidence submitted to the grand jury was that the

defendant compelled the victim, a child under the age of sixteen years, by force and against his will or by threat of bodily injury, to commit fellatio on the defendant. The trial judge initially denied the motion, but then vacated his order. With the defendant's consent, and without decision on the motion, he then exercised his power under G. L. c. 278, § 30A, to report the following question of law to the Appeals Court: "Should the Court allow the defendant's motion to dismiss an indictment charging him under the provisions of General Laws Chapter 265, Section 22A, with having '... sexual intercourse or unnatural sexual intercourse ...' with the victim (under compulsion) where the evidence shows that the defendant compelled the victim to commit fellatio upon the defendant?" We transferred the case to this court on our own motion. G. L. c. 211A, § 10(A).

We conclude that the defendant's motion to dismiss should not be allowed, and thereby affirm the well established principle that the adequacy of the evidence presented to the grand jury cannot be tested by a motion to dismiss.

In *Commonwealth* v. *Galvin,* 323 Mass. 205, 211-212 (1948), we said that "[t]he court will not inquire into the competency or sufficiency of the evidence before the grand jury. *Commonwealth* v. *Woodward,* 157 Mass. 516 [1893]. *Commonwealth* v. *Walsh,* 255 Mass. 317, 319 [1926]. *Commonwealth* v. *Ventura,* 294 Mass. 113, 120, 121 [1936]. *Commonwealth* v. *Lammi,* 310 Mass. 159, 163, 164 [1941]."

More recent affirmations of this rule may be found in *Commonwealth* v. *Hare,* 361 Mass. 263, 269 (1972), *Commonwealth* v. *Beneficial Fin. Co.,* 360 Mass. 188, 229-230 (1971), cert. denied sub nom. *Farrell* v. *Massachusetts,* 407 U.S. 910, and sub nom. *Beneficial Fin. Co.* v. *Massachusetts,* 407 U.S. 914 (1972), *Commonwealth* v. *Benjamin,* 358 Mass. 672, 677 (1971), and *Commonwealth* v. *Appleby,* 358 Mass. 407, 414 (1970). See *Commonwealth* v. *Lincoln,* 368 Mass. 281, 285 (1975); *Commonwealth* v. *Geagan,* 339 Mass. 487, 499, cert. denied, 361 U.S. 895 (1959).

In *Costello*. v. *United States,* 350 U.S. 359 (1956), the Supreme Court held that an indictment is sufficient even though based entirely on hearsay. The Court said that "neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act." *Id.* at 362. The Court continued as follows: "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by a prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Id.* at 363. See *United States* v. *Blue,* 384 U.S. 251, n.3, at 255 (1966); *Lawn* v. *United States,* 355 U.S. 339, 349-350 (1958).

An interlocutory report on the adequacy of evidence presented to the grand jury to support an indictment raises similar cause for concern. "[I]nterlocutory ... reports should not be permitted to become additional causes of the delays in criminal trials which are already too prevalent." *Commonwealth* v. *Cavanaugh,* 366 Mass. 277, 279 (1974). *Commonwealth* v. *Vaden, ante,* 397, 399 (1977). *Commonwealth* v. *Henry's Drywall Co.,* 362 Mass. 552, 554-557 (1972).

The indictment in this case is in statutory form and neither the motion to dismiss nor the interlocutory report contends that it is not sufficient to allege a criminal offense. G. L. c. 277, § 79. See *Commonwealth* v. *Hare,* 361 Mass. 263 n.7, at 266-267 (1972), and cases cited; *Commonwealth* v. *Benjamin,* 358 Mass. 672, 676 (1971). While the defendant's brief seeks to argue that G. L. c. 265, § 22A, is unconstitutionally vague, his motion to dismiss and the judge's report merely inquired into the validity of a mo-

tion to dismiss based on the evidence presented to the grand jury.

While the judge's report states that "the *evidence* shows that the defendant compelled the victim to commit fellatio upon the defendant" (emphasis added), all the judge had before him was a stipulation as to evidence submitted to the grand jury. The parties did not reach any agreement as to the evidence that would be presented at trial. That lack of agreement distinguishes this case from the procedure set forth in *Commonwealth* v. *Brandano*, 359 Mass. 332, 337 (1971), *Commonwealth* v. *Hare*, 361 Mass. 263, 270-271 (1972), and *Rosenberg* v. *Commonwealth*, 372 Mass. 59 (1977).

We have no way of knowing what the evidence at any trial of this case would be, and will not permit an interlocutory report under G. L. c. 278, § 30A, to circumvent our long-standing refusal to inquire into the sufficiency of the evidence before the grand jury. For these reasons, the question reported is answered in the negative, the motion to dismiss is not to be allowed, and the case remanded to the Superior Court for further proceedings.

*So ordered.*