COMMONWEALTH *vs.* PAUL CONCEICAO. September 24, 1980. The defendant's claim that the Commonwealth was precluded from prosecuting its case on a theory of joint enterprise because it had not stated that theory in its answers to the defendant's motion for a bill of particulars is without merit. "The law is well established that the purpose of a bill of particulars is 'to describe in more detail that which is included in the allegations of an indictment in order that the defendant may be fully informed of the nature of the charge and be enabled to prepare an adequate defence.' *Commonwealth* v. *Ries,* 337 Mass. 565, 580-581 [1958]. Particulars are not a summary of all of the Commonwealth's anticipated evidence." *Commonwealth* v. *Hare,* 361 Mass. 263, 270 (1972). Moreover, the defendant makes no claim that he was in any way hindered in his defense, which was limited to an attempt to discredit the victim's testimony that the defendant was the person who had struck him down and stunned him.

The defendant claims that the judge erred in including a definition of joint enterprise in his charge. The basis of this claim is the same as that discussed above, and we reject it for the same reason.

The defendant also claims that there was no evidence warranting a charge on joint enterprise. Although the evidence before the jury was such as to warrant a guilty verdict without such a charge, there was also evidence upon which the jury could have found the joint participation of the defendant and a prostitute in luring the victim to the scene of the crime. There was no error.

*Judgment affirmed.*

*Antone B. Cruz* for the defendant.

*William A. Schroeder,* Assistant District Attorney, for the Commonwealth.