## COMMONWEALTH *vs.* JOSEPH FAFONE.

Hampden. October 7, 1993. - November 2, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Jurisdiction,* Of crime.

At the trial of an indictment in three counts alleging the defendant was an accessory before the fact to trafficking in cocaine, the defendant's motion for required findings of not guilty for want of territorial jurisdiction should have been allowed, where there was no evidence that the defendant intended his acts in other States to have effect within the Commonwealth of Massachusetts. [329-331]

INDICTMENTS found and returned in the Superior Court Department, one on January 30, 1987, and two on May 10, 1989.

The cases were tried before *William W. Simons,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Wendy Sibbison* for the defendant.

*Jane Davidson Montori,* Assistant District Attorney (*Elizabeth Dunphy Farris,* Assistant District Attorney, with her) for the Commonwealth.

NOLAN, J. The defendant appeals from his convictions on three counts of being an accessory before the fact to trafficking in cocaine. He argues a plethora of issues but we limit ourselves to the threshold issue of jurisdiction. We reverse the convictions because the defendant's motion for required findings of not guilty for want of territorial jurisdiction should have been allowed. See Mass. R. Crim. P. 25(a), 378 Mass. 896 (1979).

In 1986, the Commonwealth obtained orders to attach pen registers, to wiretap specific telephone lines and to install listening devices in certain motor vehicles in an effort to gather

evidence of loansharking and cocaine distribution. We especially address telephone conversations between the defendant and one Frank Campiti, who was named the principal of the cocaine trafficking crimes to which the defendant was the alleged accessory before the fact.

There was evidence that Campiti headed a cocaine distribution organization in western Massachusetts. The defendant was a Florida resident. The specific target of the government's activity was a series of three sales of cocaine by the defendant to Campiti in Florida for distribution in Massachusetts. All targeted conduct was in Florida but the Commonwealth contends that the defendant knew that Campiti would distribute the cocaine in Massachusetts.

It is settled that a person may be found guilty in the Commonwealth as an accessory before the fact despite the fact that his criminal activity takes place outside Massachusetts if he "intended [his acts] to have effect within the Commonwealth." *Commonwealth* v. *Hare*, 361 Mass. 263, 265 (1972). It appears beyond dispute that most of the defendant's activity (his sales to Campiti) occurred in Florida. Hence, the narrow issue is whether there is evidence which would warrant a finding that he intended this activity to have an effect in Massachusetts. There is no such evidence.

The most revealing evidence comes from four intercepted telephone calls placed by Campiti in Massachusetts to the defendant in Florida. There is no evidence that the defendant ever called Campiti in Massachusetts. The closest that the defendant comes to exhibiting knowledge of Campiti's Massachusetts activity is his reference to "up north." In fact, it can be inferred that Campiti was trying earnestly to prevent the defendant from knowing where he was going to distribute cocaine.

There is evidence that the defendant had met Campiti and others in New York and sold him a kilogram of cocaine there. In two of the three related transactions, the cocaine sold by the defendant to Campiti was transported by train to Connecticut. From there, most of it was transported to Mas-

sachusetts, but there is no evidence that the defendant knew that this was to occur.

From some of the intercepted conversations, we learn that the defendant and Campiti were social friends and spoke of their wives and an unrelated business venture in Florida. However, nothing in these conversations would warrant one to believe that the defendant knew that Campiti would distribute in Massachusetts the cocaine which the defendant sold him in Florida.

We do not reach the other issues because of the failure of proof of territorial jurisdiction.

*Judgments reversed.*
*Verdicts set aside.*
*Judgments for the defendant.*