After a jury-waived trial, the defendant was convicted of armed robbery while masked and assault and battery by means of a dangerous weapon. On appeal, he claims that: the motion judge erred in denying his motion to dismiss his indictments; the integrity of the grand jury was impaired; and the judge abused her discretion by denying his request to have his handcuffs removed during trial. We affirm.
1. Motion to dismiss. In general, a "court will not inquire into the competency or sufficiency of the evidence before the grand jury." Commonwealth v. McCarthy, 385 Mass. 160, 161-162 (1982), quoting from Commonwealth v. Robinson, 373 Mass. 591, 592 (1977). A court may, however, consider whether the grand jury received sufficient evidence to establish probable cause to arrest. See id. at 163. "To survive a motion to dismiss, the grand jury must simply be presented with evidence supporting a finding of probable cause as to 'each of the ... elements' of the charged crime." Commonwealth v. Walczak, 463 Mass. 808, 817 (2012), quoting from Commonwealth v. Moran, 453 Mass. 880, 884 (2009). The defendant claims there was insufficient evidence to establish probable cause that he was one of the armed robbers. We disagree.
Here, the grand jury heard evidence that the victim knew the two people who robbed him. The victim described his assailants and detailed where and under what circumstances he had seen them in the recent past. The victim also identified the defendant from a photographic array. Furthermore, as found by the motion judge, the seizure of what appeared to be a handgun from the defendant's residence, along with a ski mask, gold chain, and gold ring recovered from the van outside of the defendant's home was sufficient for a finding of probable cause to believe the defendant was directly involved. The defendant's claim that the victim identified him merely because of his association with Anthony Rodriguez is without factual basis.
2. Integrity of the grand jury. The defendant also claims the integrity of the grand jury was impaired due to a police detective's testimony that she believed Alexander Rodriguez, who did not speak English, "was probably a family member, or probably the registered owner of the vehicle." However, the defendant failed to include this claim in his motion to dismiss and raises it for the first time on appeal.[2] As such, the claim is waived. See G. L. c. 277, § 47A ; Mass.R.Crim.P. 13(c)(2), as appearing in 442 Mass. 1517 (2004). See also Commonwealth v. Hrycenko, 417 Mass. 309, 312 (1994).
Even if the defendant had not been aware of the alleged flawed testimony, and if we treated the claim as preserved, it is still without merit. In addition to the above, the detective also testified that the name "Alexander," may have been a typographical error in another officer's police report, but she was not sure. As far as Alexander being related to Anthony, the detective also told the grand jury that she was not sure.
Our review of the evidence before the grand jury leads us to conclude that the defendant has failed to show that the detective intentionally or recklessly misstated the evidence with the intention to obtain an indictment or that probable prejudice resulted therefrom. Commonwealth v. Mayfield, 398 Mass. 615, 621-622 (1986). Contrast Commonwealth v. O'Dell, 392 Mass. 445, 446-447 (1984). Indeed, the detective never claimed to be certain of the mistaken facts, and offered the plausible (and what turned out to be a correct) explanation for the error. In the end, the defendant has not shown, in light of all the evidence supporting his indictments, that the detective's mistaken suggestions "probably made a difference" in the grand jury's decision to indict. See Mayfield, supra at 622; Commonwealth v. McCowen, 458 Mass. 461, 474 (2010).
3. Restraints. Finally, the defendant claims the judge abused her discretion by refusing to permit his handcuffs to be removed during trial. We disagree. The judge declined the defendant's request based on the shortage of available court officers. She noted that if there had been two court officers available for her courtroom, she could have accommodated the defendant's request. This was not an abuse of discretion. See Commonwealth v. Montgomery, 23 Mass. App. Ct. 909, 911 (1986) (noting trial judge's discretion especially where there are security concerns); Mass.R.Crim.P. 45(a), 378 Mass. 921 (1979). At bottom, there was little risk of prejudice to the defendant where his trial was jury-waived, and the experienced judge was more than capable of preventing any bias or prejudice from affecting her verdict.
Judgments affirmed.

The defendant seeks to excuse his failure by claiming he was unaware of this basis for dismissal until trial, when the trial prosecutor indicated that the name "Alexander" was a typographical error contained in the police report. However, the grand jury heard conflicting evidence regarding the reference to Alexander, including the police detective's testimony that she believed the name "Alexander" was a typographical error, but was not sure. The grand jury also received evidence that the victim told the police that Anthony Rodriguez drove a pickup truck with scrap metal in it, and that this evidence was verified by a hotel receptionist where Rodriguez resided. In light of this evidence, the defendant was on notice of the alleged flawed testimony.