NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-295                                    Appeals Court


COMMONWEALTH  vs.  JOHN J. LOUNGE, THIRD.


No. 13-P-295.      March 25, 2015.



Destruction of Property.  Malicious Injury to Property.  Malice.
    Practice, Criminal, Dismissal, Preservation of evidence,
    Instructions to jury, Required finding.  Evidence,
    Videotape, Prior misconduct.


    A jury convicted the defendant of malicious destruction of property valued under $250.[1]  The defendant appeals, asserting that the judge erred by:  (1) denying the defendant's pretrial motion to dismiss the indictment; (2) allowing an unpreserved videotape recording in evidence; (3) giving the jury an improper spoliation instruction; (4) allowing testimony regarding the defendant's prior incidents of protective custody; and, (5) denying the defendant's motion for a required finding of not guilty.  We affirm.

    I.  Background.  We rehearse such facts as the jury would have been warranted in finding.  On August 17, 2011, at or around 7:25 P.M., the defendant entered the Avon police station; he was drunk.  He requested assistance in collecting a debt from his son.  After observing the defendant's intoxicated condition, an officer placed him in protective custody.  This was the third time in that same week the defendant had been placed in protective custody.  The defendant was put in an empty cell; he was the only occupant in the cell area.

_____

    [1] The jury found the defendant not guilty of attempt to burn a building.

At or around 10:45 P.M., the defendant, who had fallen asleep, awoke and begin banging on his cell door with his hands and feet.  A dispatcher heard the banging and went to check on him.  When she arrived, the defendant requested medical attention and the dispatcher informed him that she would contact the fire department, which was next door.  The dispatcher went back to her office and called the fire department.  The defendant, much louder than before, again banged his foot against the cell door.

Two firefighters arrived and waited with the dispatcher for an officer to let them in the cell area.  While they waited, the dispatcher observed the defendant on the monitor lighting his bedroom linen on fire.  As smoke and flames filled the cell, the defendant nurtured the fire by adding blankets to it as it grew.  The dispatcher contacted the sergeant on duty and he, along with the firefighters present, went to the cell area.

The sergeant took the defendant out of the smoke filled cell and handcuffed him as the firefighters extinguished the fire.  He was then placed under arrest and put in another cell for the night.  The defendant did not request any further medical attention.

II.  _Discussion_.  a.  _Grand jury indictment_.  Courts generally "will not inquire into the competency or sufficiency of the evidence before the grand jury."  Commonwealth v. Robinson, 373 Mass. 591, 592 (1977), quoting from Commonwealth v. Galvin, 323 Mass. 205, 211-212 (1948).  An exception to this general rule is made in situations where the grand jury is presented with insufficient evidence to establish "the identity of the accused . . . and probable cause for arrest." Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982).  This standard is much lower than that required for a finding of guilt.  See Commonwealth v. Moran, 453 Mass. 880, 886 (2009).

The grand jury watched the surveillance videotape depicting the defendant banging on his cell and lighting his bed linen on fire.  They heard testimony that the defendant was the only person in the cell area and that he informed the arresting officer that he had found matches on the cell floor.  This evidence was more than sufficient to identify the defendant and provide probable cause for arrest.  We thus discern no error.

b.  _Videotape evidence and spoliation charge_.  In the defendant's pretrial motion for sanction based on the Commonwealth's noncompliance with the videotape preservation

order, the defendant requested that the judge either dismiss the indictment, exclude all videotape evidence presented by the Commonwealth, or permit the evidence to be introduced with a spoliation instruction.  The defendant contends that the missing portion of the videotape would have aided his defense.  With such a claim, the defendant bears the burden of establishing that "there is a reasonable possibility based on concrete evidence" that the lost or destroyed evidence would have been exculpatory.  Commonwealth v. Neal, 392 Mass. 1, 12 (1984).  Specifically, the defendant claims that the videotape of his arrival at the police station, the searching of his person, and being placed in protective custody "was potentially exculpatory."  However, none of that missing footage is relevant to the defendant's criminal actions three hours later.  The defense has not provided any factual or scientific support to back this assertion.  Therefore, he has failed to meet his burden of proof.

Furthermore, judges have broad discretion in fashioning a remedy for spoliation and should "impose the least severe sanction necessary to remedy the prejudice to the nonspoliating party."  Keene v. Brigham and Women's Hosp., Inc., 439 Mass. 223, 235 (2003).  Although we think no prejudice has been made to appear, the judge did provide a spoliation instruction.  In any event, because that instruction was sufficient to cure any possible prejudice, the judge's decision not to dismiss the indictment or exclude the available videotape evidence was not an abuse of discretion or other error of law.  See Commonwealth v. Kee, 449 Mass. 550, 557-558 (2007).

c.  Police officers' testimony.  A trial judge has discretion to decide the relevancy of a prior bad act and to weigh its probative value against its potential for unfair prejudice.  See Commonwealth v. McCowen, 458 Mass. 461, 478 (2010).  See also Mass. G. Evid., § 404 (2014).  A judge's decision regarding admission of prior bad act evidence will not be disturbed by a reviewing court absent a showing of "palpable error."  Commonwealth v. McCowen, supra.  We find no such error.

The testimony of the several officers demonstrated the defendant's pattern of requesting medical attention in an effort to get out of protective custody.  This evidence was probative because immediately before the fire the defendant requested medical attention and when it was not given to him straightaway he banged his foot harder against his cell door and then lit his bed linen on fire.  The judge was within his discretion in

deciding that the probative value of the evidence outweighed any potential prejudice to the defendant.[2]

d. <u>Motion for a required finding</u>. Reviewing the evidence in the light most favorable to Commonwealth, see <u>Commonwealth</u> v. <u>Latimore</u>, 378 Mass. 671, 676-677 (1979), there was sufficient evidence from which a rational jury could have found beyond a reasonable doubt that the defendant's actions were malicious within the meaning of G. L. c. 266, § 127.  See <u>Commonwealth</u> v. <u>Gordon</u>, 82 Mass. App. Ct. 227, 233 (2012).

The jury could have reasonably inferred from the facts and circumstances presented that the defendant acted with malice. The evidence demonstrated that the defendant banged his foot loudly against his cell door and set the cell linen on fire when the medical assistance he requested did not arrive immediately. A finding that this was done out of "cruelty, revenge, or hostility" against the officers or custodians of the jail is thus warranted.  Therefore, because the jury were warranted in finding that the defendant acted with malice, the defendant's intoxication cannot excuse his actions.  See <u>Commonwealth</u> v. <u>Henson</u>, 394 Mass. 584, 593-594 (1985).

The judgment is accordingly affirmed.

<u>So ordered</u>.

<u>Susan Underwood</u> for the defendant.
<u>Roger H. Randall</u>, Assistant District Attorney, for the Commonwealth.

---

[2] The judge's failure to provide a limiting instruction regarding the introduction of prior bad act evidence was not in error as the defendant never requested one.  See <u>Commonwealth</u> v. <u>Errington</u>, 390 Mass. 875, 881-882 (1984).  Nor does the lack of instruction demonstrate a substantial risk of a miscarriage of justice.