NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11480

COMMONWEALTH  vs.  JOHN REX.


Norfolk.     March 3, 2014. - July 9, 2014.

Present:  Ireland, C.J., Spina, Cordy, Gants, Duffly, & Lenk,
JJ.


Obscenity, Child pornography.  Habitual Offender.  Practice,
     Criminal, Dismissal, Grand jury proceedings.  Grand Jury.
     Lewdness.  Probable Cause.  Constitutional Law, Freedom of
     speech and press.  Evidence, Photograph.



Indictments found and returned in the Superior Court
Department on January 18, 2012.

A motion to dismiss was heard by Mitchell H. Kaplan, J.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Varsha Kukafka, Assistant District Attorney (Anne Yas,
Assistant District Attorney, with her) for the Commonwealth.
Bruce W. Carroll for the defendant.
Carlo Obligato, Committee for Public Counsel Services, for
Committee for Public Counsel Services, amicus curiae, submitted
a brief.


SPINA, J.  A Norfolk County grand jury indicted the

defendant, John Rex, on seven counts of possession of child

pornography, G. L. c. 272, § 29C, and seven counts of being a habitual offender, G. L. c. 279, § 25.[1]  Relying on Commonwealth v. McCarthy, 385 Mass. 160 (1982), the defendant filed a motion to dismiss the indictments, which the Commonwealth opposed.  He claimed that the seven photocopies of photographs of naked children (excerpted from a National Geographic magazine, a sociology textbook, and a naturist catalogue) on which the indictments were based did not constitute child pornography within the meaning of G. L. c. 272, § 29C, and were protected by his right to free speech under the First Amendment to the United States Constitution and art. 16 of the Massachusetts Declaration of Rights.  Following a hearing, a judge in the Superior Court allowed the motion to dismiss, concluding that none of the photocopies constituted a "lewd exhibition" of the children's body parts as described in G. L. c. 272, § 29C (vii).  The Commonwealth filed an appeal pursuant to G. L. c. 278, § 28E, and Mass. R. Crim. P. 15 (a) (1), as appearing in 422 Mass. 1501 (1996).  The case was entered in the Appeals Court, and we

---

[1] Lieutenant Patrick Barrett of the Department of Correction testified before the grand jury regarding the defendant's status as a habitual offender.  He stated that the defendant's criminal record reflected the following convictions, all of which resulted in State prison sentences:  rape of a child, for which the defendant received a sentence of from sixteen to twenty years; dissemination of matter harmful to minors (five counts), for which the defendant received a sentence of from four to five years on each count; malicious explosion, for which the defendant received a sentence of from eight to ten years; and attempt to commit a crime, for which the defendant received a sentence of from four to five years.

transferred it to this court on our own motion. At issue is whether the judge properly dismissed the indictments on the ground that the grand jury were not presented with any evidence to support a finding of probable cause to arrest the defendant for possession of child pornography. Because we conclude that the photocopies did not depict a "lewd exhibition" as set forth in G. L. c. 272, § 29C (vii), we affirm the order of the Superior Court.[2]

1. Statutory framework. General Laws c. 272, § 29C, provides, in relevant part:

> "Whoever knowingly purchases or possesses a . . .
> photograph or other similar visual reproduction . . . of
> any child whom the person knows or reasonably should know
> to be under the age of [eighteen] years of age and such
> child is . . . (vii) depicted or portrayed in any pose,
> posture or setting involving a lewd exhibition of the
> unclothed genitals, pubic area, buttocks or, if such person
> is female, a fully or partially developed breast of the
> child; with knowledge of the nature or content thereof
> shall be punished . . ." (emphasis added).[3]

The Legislature's purpose in enacting this statute was to protect children from sexual exploitation.[4] See St. 1997,

---

[2] We acknowledge the amicus brief filed in support of the defendant by the Committee for Public Counsel Services.

[3] General Laws c. 272, § 29C, also prohibits the knowing purchase or possession of visual materials in which a child under eighteen years of age is depicted in six other categories of sexual conduct. See G. L. c. 272, § 29C (i)-(vi). The parties agree that only § 29C (vii) is relevant to the photocopies at issue in this case.

[4] The Legislature articulated the reasons underlying the enactment of G. L. c. 272, § 29C, when it stated: "The general

c. 181, § 1.  The focus of G. L. c. 272, § 29C, is the knowing purchase or possession of child pornography, not its dissemination.  Contrast G. L. c. 272, § 29B (statute criminalizing dissemination of visual material of child in state of nudity or sexual conduct).

2.  Factual background.  The facts are drawn from the evidence presented to the grand jury.  The defendant is an inmate at the Massachusetts Correctional Institution at Norfolk.  On August 31, 2011, correction officers conducted a search of the defendant's cell, which he shared with another inmate.  In a padlocked footlocker assigned to the defendant, the officers found an envelope containing seven photocopies of photographs

---

court hereby finds:  (1) that the sexual exploitation of children constitutes a wrongful invasion of a child's right to privacy and results in social, developmental and emotional injury to such child and that to protect children from sexual exploitation it is necessary to prohibit the production of material which involves or is derived from such exploitation and to exclude all such material from the channels of trade and commerce; (2) that the mere possession or control of any sexually exploitative material results in continuing victimization of children as such material is a permanent record of an act or acts of sexual abuse or exploitation of a child and that each time such material is viewed the child is harmed; (3) that such material is used to break the will and resistance of other children so as to encourage them to participate in similar acts; (4) that laws banning the production and distribution of such material are insufficient to halt this abuse and exploitation; (5) that to stop the sexual abuse and exploitation of children, it is necessary to ban the possession of any sexually exploitative materials; and (6) that the [C]ommonwealth has a compelling interest in outlawing the possession of any materials which sexually exploit children in order to protect the privacy, health and emotional welfare of children and society as a whole."  St. 1997, c. 181, § 1.

that depicted naked children.[5]  The photocopies, which will be described in detail later in this opinion, were black and white, and they appeared grainy.[6]  The defendant admitted that the photocopies were his, and he told the officers that they were "from a pamphlet from a nudist colony that he had gotten many, many years ago that he had cut out and stuck in the envelope."[7]

---

[5] During their search of the defendant's cell, correction officers also found several hand-drawn pictures of children engaged in sexual acts (two of which were in the envelope with the photocopies), a sketch of a boy holding a baseball bat (later determined to be an image of Adam Walsh, a six year old boy who was abducted and murdered in 1981), and the "makings of a small teddy bear."  Because these additional items did not serve as bases for his indictments, we do not consider them further.

[6] Department of Correction officer Michael O'Malley testified that any pictures that depict nudity are deemed contraband, the possession of which constitutes a disciplinary infraction.  This policy was implemented by the Department of Correction in 2002.  The existence of this policy has no bearing on whether the photocopies at issue are "lewd," and, therefore, whether their possession constitutes a crime under G. L. c. 272, § 29C (vii).  See Commonwealth v. Sullivan, 82 Mass. App. Ct. 293, 302 (2012) (depiction of mere nudity insufficient to render photograph lewd).

[7] The photocopies originated from three sources:  a special issue of National Geographic magazine devoted to China (one photocopy); an Internet edition of a textbook entitled "Sociology" (one photocopy); and a naturist catalogue entitled "Internaturally Inc.," which offered for sale travel packages, books, videos, and photographs relating to nude recreation (five photocopies).  The grand jury were not presented with the original source materials for the photocopies.  Rather, the source materials were introduced by defense counsel, without objection from the Commonwealth, at the hearing on the defendant's motion to dismiss the indictments.  During this hearing, the assistant district attorney stated that, at the time of the grand jury proceedings, the Commonwealth did not have any information regarding the origins of the photocopies.

Based on his years of training and experience, Sergeant David McSweeney of the State police testified that all of the images were of real children (not computer depictions or morphed images) who were under the age of eighteen.

3. Standard of review. The Commonwealth contends that the proper standard of review is whether the evidence before the grand jury established probable cause to arrest the defendant for possession of child pornography. We agree with the Commonwealth, mindful of special considerations that arise when a case involves expression that may be protected by the First Amendment.

Ordinarily, a "court will not inquire into the competency or sufficiency of the evidence before the grand jury." Commonwealth v. Robinson, 373 Mass. 591, 592 (1977), quoting Commonwealth v. Galvin, 323 Mass. 205, 211-212 (1948). See Commonwealth v. Coonan, 428 Mass. 823, 825 (1999), citing Commonwealth v McCarthy, 385 Mass. at 161-163. However, in Commonwealth v. McCarthy, supra at 163, we recognized a limited exception to this general rule, concluding that a court must dismiss an indictment where the grand jury "fail[] to hear any

The motion judge considered this source material in allowing the motion to dismiss. Its relevance to our analysis will be discussed in note 13, infra.

evidence of criminal activity by the defendant."[8]  See

Commonwealth v. Moran, 453 Mass. 880, 883-884 (2009), quoting

Commonwealth v. Coonan, supra.  At the very least, the grand

jury must hear enough evidence to establish the identity of the

accused[9] and to support a finding of probable cause to arrest the

accused for the offense charged.  Commonwealth v. McCarthy,

supra, citing Connor v. Commonwealth, 363 Mass. 572, 573-574

(1973), and Lataille v. District Court of E. Hampden, 366 Mass.

525, 531 (1974).  See Commonwealth v. Roman, 414 Mass. 642, 643

(1993).  "A grand jury finding of probable cause is necessary if

indictments are to fulfil their traditional function as an

effective protection 'against unfounded criminal prosecutions.'"

Commonwealth v. McCarthy, supra, quoting Lataille v. District

Court of E. Hampden, supra at 532.

It is well established that "[p]robable cause to arrest

'requires more than mere suspicion but something less than

evidence sufficient to warrant a conviction.'"  Commonwealth v.

Roman, supra, quoting Commonwealth v. Hason, 387 Mass. 169, 174

(1982).  See generally K.B. Smith, Criminal Practice and

---

[8] We also have departed from the general rule of not inquiring into the competency or sufficiency of evidence before a grand jury where a defendant shows that the integrity of the grand jury proceeding itself was impaired.  See Commonwealth v. Clemmey, 447 Mass. 121, 130 (2006); Commonwealth v. Mayfield, 398 Mass. 615, 619-622 (1986).  In the present case, no such claim has been raised.

[9] Here, there has been no challenge to the identity of the defendant.

Procedure § 3.51 (3d ed. 2007).  "The evidence before the grand jury must consist of reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense." Commonwealth v. Roman, supra.  See Commonwealth v. O'Dell, 392 Mass. 445, 450 (1984), quoting Commonwealth v. Stevens, 362 Mass. 24, 26 (1972).  See also Commonwealth v. McCarthy, 385 Mass. at 163.  Where the Commonwealth has not produced any evidence to support a finding of probable cause to arrest, an indictment must be dismissed.  See Commonwealth v. Levesque, 436 Mass. 443, 447 (2002).  Conversely, where the Commonwealth satisfies the probable cause standard, the determination whether a visual depiction constitutes a "lewd" exhibition within the meaning of G. L. c. 272, § 29C (vii), is one for a fact finder. See Commonwealth v. Robinson, 373 Mass. at 592-594 (sufficiency of evidence reserved for trial on merits).

We proceed to consider whether, in this case, the grand jury were presented with any evidence to support a finding of probable cause to arrest the defendant for possession of child pornography under G. L. c. 272, § 29C (vii).[10]  The defendant has

_____

[10] The defendant points out that the grand jury were not instructed on the legal definition of child pornography. Generally speaking, the Commonwealth is not required to provide legal instructions on the elements of an offense for which it seeks an indictment, out of a concern that such a requirement "would add delay and complexity without serving any significant purpose."  Commonwealth v. Noble, 429 Mass. 44, 48 (1999).  We

conceded that he possessed the photocopies, that the children depicted in them were real children, that they were under the age of eighteen, and that they were nude. Therefore, the probable cause determination turns on whether the photocopies depicted a "lewd exhibition." G. L. c. 272, § 29C (vii). Typically, when considering an appeal from the allowance of a motion to dismiss an indictment, we review the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Washington W., 462 Mass. 204, 210 (2012), citing Commonwealth v. Moran, 453 Mass. at 885. See also Commonwealth v. Levesque, supra at 444. However, because this case involves depictions of naked children, we must be sure that the grand jurors "have not encroached on expression protected by the First Amendment."[11] Commonwealth v. Sullivan, 82 Mass. App. Ct. 293, 303 (2012).

---

have recognized only two limited exceptions to this general rule, neither of which is applicable here. See Commonwealth v. Walczak, 463 Mass. 808, 810 (2012); Commonwealth v. Noble, supra. Given our disposition of this case, we do not decide whether the general rule against the provision of instructions to a grand jury should be expanded.

[11] The depiction of nudity, in the absence of lasciviousness or lewdness, is protected under the First Amendment to the United States Constitution. See Osborne v. Ohio, 495 U.S. 103, 112 (1990); Erznoznik v. Jacksonville, 422 U.S. 205, 213 (1975). See also Commonwealth v. Sullivan, 82 Mass. App. Ct. at 313 (Milkey, J., dissenting) ("a statute that sought to punish the portrayal of mere nudity, even of children, would be constitutionally infirm"). In contrast, child pornography, such as described in G. L. c. 272, § 29C, is a category of material that is outside the protection of the First Amendment. See Osborne v. Ohio, supra at 111; New York v. Ferber, 458 U.S. 747, 763, 765 & n.18 (1982). See also Commonwealth v. Kenney, 449 Mass. 840, 848-849 (2007).

Accordingly, we undertake a de novo review of the challenged pictures. See Commonwealth v. Bean, 435 Mass. 708, 714 (2002) (Bean). See also Commonwealth v. Sullivan, supra at 303-307 (conducting de novo review of photograph of naked adolescent to determine lewdness); Commonwealth v. Militello, 66 Mass. App. Ct. 325, 331 (2006).

In Bean, supra at 708, following a bench trial in the Superior Court, the defendant was convicted of posing a fifteen year old girl for photographs with her breast exposed in violation of G. L. c. 272, § 29A (a). The photographs were the primary evidence of whether the defendant had acted with "lascivious intent," which is a necessary element of the crime of posing or exhibiting a child in a state of nudity or sexual conduct. Id. at 708-709, 714, citing G. L. c. 272, § 29A. In determining that de novo review of the photographs was appropriate, we pointed out that the United States Supreme Court had emphasized in Bose Corp. v. Consumers Union of U.S., Inc., 466 U.S. 485, 504-505 (1984), that "cases involving speech under the First Amendment require independent appellate review of the offending material to ensure that protected speech is not infringed." Bean, supra at 714. See Pereira v. Commissioner of Social Servs., 432 Mass. 251, 258 (2000), quoting O'Connor v. Steeves, 994 F.2d 905, 912-913 (1st Cir.), cert. denied sub nom. Nahant v. O'Connor, 510 U.S. 1024 (1993) ("appellate court has

an obligation to 'make an independent examination of the whole record' in order to make sure that 'the judgment does not constitute a forbidden intrusion on the field of free speech'"); Commonwealth v. Moniz, 338 Mass. 442, 446-447 (1959), citing Roth v. United States, 354 U.S. 476, 497-498 (1957) (Harlan, J., dissenting) (appellate courts must judge pruriency of alleged pornographic material to determine whether material is afforded constitutional protection).  See also United States v. Amirault, 173 F.3d 28, 32-33 (1st Cir. 1999), and cases cited.  We noted in Bean that "[t]he fact finder is in no better position to evaluate the content and significance of these photographs than an appellate court."  Bean, supra at 714 n.15.  Unlike testimony from a witness, an objective analysis of tangible evidence such as photographs requires no credibility determinations, rendering de novo review appropriate.  See Commonwealth v. Novo, 442 Mass. 262, 266 (2004).  After conducting an independent review of the photographs in Bean, this court concluded that the defendant's conviction must be reversed because the evidence of lascivious intent was insufficient.  See Bean, supra at 709, 715-717.

We recognize that Bean involved a review of evidence presented at trial, whereas the present case involves a review of evidence presented to a grand jury.  Nonetheless, the underlying constitutional concern raised in each case is the same -- whether photographs of the naked body are entitled to

protection under the First Amendment based on an assessment of whether or not they are lewd. See Bean, 435 Mass. at 714-715. See also note 11, supra. The nature of this assessment by an appellate court does not change based on whether it occurs after indictments are handed down or after trial. Consequently, we deem it proper to consider whether the grand jury in this case were presented with any evidence to support a finding of probable cause to arrest the defendant for possession of child pornography by reviewing de novo the seven photocopies at issue to determine whether they are themselves lewd.[12] As the Appeals Court cogently pointed out in Commonwealth v. Sullivan, 82 Mass. App. Ct. at 306, "where First Amendment rights are at issue," we must approach the lewdness determination with "circumspection."

4. Discussion. The Commonwealth asserts that the evidence before the grand jury provided probable cause to arrest the

_____

[12] The Commonwealth contends that the original source material for the photocopies should not be considered because it was not presented to the grand jury, and it had no bearing on the grand jurors' assessment of the actual photocopies possessed by the defendant. We recognize that where the grand jury were not presented with the source material, their assessment whether the photocopies depicted a "lewd exhibition" under G. L. c. 272, § 29C (vii), could only be based on the photocopies themselves. However, because First Amendment considerations necessitate de novo review of the challenged evidence, we may evaluate the pictures in the context of their source material. Had the Commonwealth been aware of the source material at the time of the grand jury proceedings, see note 7, supra, it would have been incumbent on the assistant district attorney to present such evidence to the grand jurors. In our view, the context of the photocopies informs our analysis whether they should be interpreted as a "lewd exhibition." G. L. c. 272, § 29C (vii).

defendant for possession of child pornography under G. L. c. 272, § 29C (vii).  In the Commonwealth's view, because the seven photocopies depicted naked young children with their genitals exposed, the photocopies were a lewd exhibition.  As such, the Commonwealth continues, the motion judge erred in dismissing the indictments.[13]  We disagree.

General Laws c. 272, § 29C, does not define a "lewd" exhibition.  It is well settled that "nudity alone is not enough to render a photograph lewd."  Commonwealth v. Sullivan, 82 Mass. App. Ct. at 302.  See Osborne v. Ohio, 495 U.S. 103, 112-114 (1990) (depictions of nudity, without more, constitute protected expression); United States v. Amirault, 173 F.3d at 33.  See also United States v. Villard, 885 F.2d 117, 125 (3d Cir. 1989), quoting United States v. Villard, 700 F. Supp. 803, 812 (D.N.J. 1988) ("When a picture does not constitute child pornography, even though it portrays nudity, it does not become child pornography because it is placed in the hands of a

---

[13] The Commonwealth also has asserted that the grand jury could conclude that the defendant possessed child pornography based not only on the photocopies themselves, but also on how the defendant stored those images (in an envelope inside his footlocker) and on what other items he possessed and kept with the photocopies (hand-drawn pictures of children engaged in sexual acts).  Whether the photocopies depict a "lewd exhibition," G. L. c. 272, § 29C (vii), depends on what is visually portrayed in the pictures themselves, not on other ancillary evidence that may be suggestive of the defendant's state of mind.  The context for the defendant's possession of the seven photocopies is irrelevant to the objective assessment of their lewdness.

pedophile").  In deciding whether a particular exhibition of a child's naked body is lewd, courts have looked to the criteria articulated in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom. United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir.), cert. denied, 484 U.S. 856 (1987), which commonly are referred to as the Dost factors.[14]  See Commonwealth v. Sullivan, supra at 302-305.  See also United States v. Amirault, supra at 31-32.  The Dost factors are as follows:

> "1)  whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> "2)  whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> "3)  whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

---

[14] The factors articulated in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom. United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir.), cert. denied, 484 U.S. 856 (1987), arose "from a line of cases in which the courts were called on to interpret the Federal Child Protection Act of 1984 (18 U.S.C. § 2252), which defines 'sexually explicit conduct' by reference to the phrase 'lascivious exhibition of the genitals.' 18 U.S.C. § 2256(2)(e) (2000)." Commonwealth v. Bean, 435 Mass. 708, 713 (2002).  In the present case, G. L. c. 272, § 29C (vii), expressly refers to a "lewd" exhibition, rather than a "lascivious" exhibition.  Nonetheless, for the purpose of our analysis, we treat these terms as synonymous.  See United States v. Frabizio, 459 F.3d 80, 85 (1st Cir. 2006) (courts uniformly have equated terms "lascivious" and "lewd"); United States v. Wiegand, 812 F.2d 1239, 1243 (9th Cir.), cert. denied, 484 U.S. 856 (1987) ("'Lascivious' is no different in its meaning than 'lewd.'").

"4) whether the child is fully or partially clothed, or nude;

"5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and]

"6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer."

United States v. Dost, 636 F. Supp. at 832.

The Dost factors are neither comprehensive nor dispositive, but they do provide guidance for a court's analysis whether a visual depiction constitutes a "lewd" exhibition.[15] See Bean, supra at 713-714, quoting United States v. Amirault, 173 F.3d at 32; Commonwealth v. Sullivan, 82 Mass. App. Ct. at 302-303. See also United States v. Frabizio, 459 F.3d 80, 87 (1st Cir. 2006), quoting United States v. Amirault, supra at 32. A determination regarding lewdness "must be made on a case-by-case basis" and should be founded on "the overall content of the visual depiction." Dost, 636 F. Supp. at 832. See United States v.

_____

[15] The parties here have framed their arguments in the context of the Dost factors. It is notable that in Dost, 636 F. Supp. at 829-830, the defendants were charged with, among other things, using a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. The sixth Dost factor is applicable in such a context because it inquires about the producer's intent vis-à-vis the viewer. See United States v. Amirault, 173 F.3d 28, 34-35 (1st Cir. 1999). Where, as here, a case involves only the possession of child pornography, the circumstances surrounding its production, including the producer's intent, likely will be unknown. Therefore, the sixth Dost factor may provide limited guidance with regard to the lewdness determination in such a case. See id. See also United States v. Rivera, 546 F.3d 245, 252 (2d Cir. 2008), cert. denied, 555 U.S. 1204 (2009), and cases cited.

Frabizio, supra, quoting United States v. Amirault, supra.  A visual depiction need not involve all of the Dost factors in order to be deemed lewd.  See Dost, supra.  Moreover, there may be other factors that are equally or more important in the lewdness analysis.  See United States v. Amirault, supra.

We consider the Dost factors in the context of the Legislature's purpose in enacting G. L. c. 272, § 29C, namely to protect children from sexual exploitation.  See note 4, supra. States have a compelling interest in protecting the physical and psychological well-being of children, see New York v. Ferber, 458 U.S. 747, 756-757 (1982), quoting Globe Newspaper Co. v. Superior Court, 457 U.S. 597, 607 (1982), and, consequently, States may proscribe the possession of child pornography.  See Osborne v. Ohio, 495 U.S. at 111; Commonwealth v. Kenney, 449 Mass. 840, 848-849 (2007); Commonwealth v. Sullivan, 82 Mass. App. Ct. at 302, quoting Commonwealth v. Kenney, 449 Mass. at 848.  As the Legislature has pointed out, "the mere possession or control of any sexually exploitative material results in continuing victimization of children as such material is a permanent record of an act or acts of sexual abuse or exploitation of a child and . . . each time such material is viewed the child is harmed."  St. 1997, c. 181, § 1 (2).  The Legislature found that in order to "stop the sexual abuse and exploitation of children, it [was] necessary to ban the

possession of any sexually exploitative materials."  Id. at § 1 (5).

We turn now to consideration of the photocopies that were found in the possession of the defendant.  They are as follows:

Grand Jury Exhibit 7 is a picture of a man and four prepubescent children standing on some rocks in front of a body of water.  The man is wearing a hat, and two of the children are wearing sandals.  Otherwise, they all are nude.  All are smiling.  The man is holding one child in his arms, two children are standing on his right side, and one child is standing on his left side.  The girl standing on the man's right side is holding something in her hands.  The genitals of the man and of two of the children (boys) are visible.  The picture is approximately two inches by two and one-half inches in size.

Grand Jury Exhibit 8 is a picture of a prepubescent child as seen from the rear.  The child is nude, except for socks and sneakers.  No genitals are visible.  The picture is approximately one inch by three inches in size.

Grand Jury Exhibit 9 is a picture of a prepubescent boy as seen from the side.  He is nude, except for sandals.  His genitals are visible, albeit not clearly.  The boy's arms are bent at the elbow and outstretched as if reaching for or touching something in front of him.  The picture is approximately one inch by two and one-half inches in size.

Grand Jury Exhibit 10 is a picture of two prepubescent boys, one standing in front of the other.  The rear child appears to be pouring water from a hose over the head of the child in the front.  Both are nude, and their genitals are visible.  Their lower legs and feet do not appear in the picture.  The picture is approximately one and one-half inches by two and one-half inches in size.

Grand Jury Exhibit 11 is a picture of two prepubescent children, a boy and a girl, standing side by side.  Both are nude, and their genitals are visible.  The girl appears to have her arm around the boy's waist, she is resting her head on his shoulder, and she is smiling.  Their lower legs and feet do not appear in the picture.  The picture is approximately one and one-half inches by three inches in size.

Grand Jury Exhibit 12 is a picture of a prepubescent child, as seen from the rear, standing at the edge of a body of water.  The child is nude.  No genitals are visible.  The picture is approximately one inch by three and one-half inches in size.

Grand Jury Exhibit 13 is a picture of a prepubescent boy, bending over a bicycle and appearing to adjust its seat.  He is nude, except for sandals.  His genitals are visible, albeit not clearly.  The picture is approximately two inches by three inches in size.

Based on our de novo review of the photocopies, it is plainly apparent that their only notable feature is the nudity of the children.  In none of the photocopies is the focal point of the visual depiction a child's genitals, and the children are not shown in any unnatural poses.  Rather, the children are portrayed either simply standing around or engaging in ordinary activities in unremarkable settings.  The visibility of the children's genitals is merely an inherent aspect of the fact that they are naked.  There is nothing remotely sexual, either explicitly or implicitly, in any of the photocopies.  The demeanor, facial expressions, and body language of the children suggest nothing inappropriate.  In the photocopies depicting more than one child, the children appear to be comfortable in their surroundings and enjoying each other's company in a nonsexual manner.  Nothing about the photocopies indicates in any way that they were derived from the sexual exploitation of the children depicted therein, such that their possession would

result in the continuing victimization of those children.[16]  As we have said, the depiction of mere nudity is insufficient to render a visual image lewd.  See <u>Osborne</u> v. <u>Ohio</u>, 495 U.S. at 112-114; <u>United States</u> v. <u>Amirault</u>, 173 F.3d at 33; <u>Commonwealth</u> v. <u>Sullivan</u>, 82 Mass. App. Ct. at 302.

As a matter of law, no grand jury could conclude that the seven photocopies constituted a "lewd exhibition" under G. L. c. 272, § 29C (vii).  It follows, therefore, that the grand jury were not presented with any evidence to support a finding of probable cause to arrest the defendant for possession of child pornography.

5.  <u>Conclusion</u>.  The order of the Superior Court allowing the defendant's motion to dismiss the indictments is affirmed.

<u>So ordered</u>.

---

[16] The images in the photocopies originated from photographs accompanying written materials of an educational or recreational nature that are readily available to the general public, albeit perhaps to niche audiences.  See note 7, <u>supra</u>.  Generally speaking, these types of images are not deemed "lewd."  See <u>Commonwealth</u> v. <u>Sullivan</u>, 82 Mass. App. Ct. at 306 (photographs in medical textbook, pictorials in National Geographic, and works in art museum typically not lewd exhibitions).  Cf. <u>United States</u> v. <u>Various Articles of Merchandise, Schedule No. 287</u>, 230 F.3d 649, 657 (3d Cir. 2000) (photographs from magazines devoted to nudists' lifestyles not deemed lewd).  Moreover, "[c]hild pornography is not created when the [viewer] derives sexual enjoyment from an otherwise innocent photo[graph]."  <u>United States</u> v. <u>Villard</u>, 885 F.2d 117, 125 (3d Cir. 1989), quoting <u>United States</u> v. <u>Villard</u>, 700 F. Supp. 803, 812 (D.N.J. 1988).