NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12811


COMMONWEALTH  vs.  REYNOLD BUONO.



Norfolk.     December 5, 2019. - March 26, 2020.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher, &
Kafker, JJ.


Rape.  Limitations, Statute of.  Grand Jury.  Practice,
    Criminal, Grand jury proceedings, Indictment, Dismissal.
    Evidence, Grand jury proceedings, Indictment, Corroborative
    evidence.




Indictments found and returned in the Superior Court
Department on November 3, 2017.

A motion to dismiss was heard by Thomas A Connors, J., and
questions of law were reported by him to the Appeals Court.

The Supreme Judicial Court granted an application for
direct appellate review.


Marguerite T. Grant, Assistant District Attorney (Lisa
Beatty, Assistant District Attorney, also present) for the
Commonwealth.
Inga S. Bernstein for the defendant.


CYPHER, J.  The defendant, Reynold Buono, taught at Milton

Academy (school) from 1975 to 1987.  In 2017, a grand jury

returned three indictments against him for statutory rape, G. L. c. 265, § 23, and three indictments for forcible rape of a minor, G. L. c. 265, § 22A, for three crimes he allegedly committed against a student during the 1980s. A Superior Court judge allowed the defendant's motion to dismiss the indictments, pursuant to G. L. c. 277, § 63. The Commonwealth filed a motion for reconsideration and for reported questions. The judge did not act on the request for reconsideration but reported two questions of law to the Appeals Court. We granted the Commonwealth's application for direct appellate review of the reported questions, and the case was joined with the Commonwealth's appeal from the dismissal of the indictments.

This case concerns certain provisions of G. L. c. 277, § 63, a statute that sets a twenty-seven year statute of limitations on sex crimes against children; a requirement of corroborating evidence if the crimes are charged after the twenty-seven year limitation has expired; and a tolling provision. The issues presented are whether (1) the tolling provision in G. L. c. 277, § 63, applies to the requirement that child rape charges brought more than twenty-seven years after the commission of the alleged crime be supported by corroborating evidence; (2) the evidentiary requirement of G. L. c. 277, § 63, requires the Commonwealth to present the corroborating evidence to the grand jury; (3) the Commonwealth

presented sufficient corroborating evidence to the grand jury in the present case; and (4) the Commonwealth's evidence established probable cause for two separate incidents or three.

We hold that (1) the tolling provision of § 63 does not apply to the corroborating evidence requirement; (2) the Commonwealth must present the required corroborating evidence to the grand jury; (3) here, the Commonwealth presented sufficient corroborating evidence to the grand jury; and (4) the Commonwealth's evidence established probable cause for only two alleged incidents.  Accordingly, we reverse the allowance of the motion to dismiss indictments nos. 1782CR00399-001, -002, -004, and -005; we affirm the dismissal of indictments nos. 1782CR00399-003 and -006.

Background.  Beginning in July 2017, the Commonwealth presented evidence of the defendant's alleged criminal acts to a grand jury.  Two witnesses testified during the proceedings: Valter Pires, a detective with the Milton police department, and Jerome Pieh, who was the headmaster of the school when the defendant was employed there.  The grand jury also was presented with documentary evidence.[1]

---

[1] The documentary evidence presented to the grand jury included a 2017 letter sent by the school to the school community, a report of an interview with the alleged victim conducted by a private investigator, the defendant's personnel files, records regarding the school's investigation into the

We recite the facts as the grand jury could have found them, reserving certain details for later discussion. As explained infra, the defendant was indicted for his conduct in Norfolk County, but the grand jury heard testimony regarding events that occurred both in Norfolk County and elsewhere.

In response to an article in the Boston Globe in 2016, school officials sent a letter to the school community regarding concerns about allegations of sexual misconduct at the school. The alleged victim, whom we shall call Roger, contacted the head of the school. The school engaged a consulting firm, and Roger was interviewed as part of their investigation. A mandatory reporter from the school then filed reports with the Department of Children and Families pursuant to G. L. c. 119, § 51A. In April 2017, Pires and a State police trooper interviewed Roger.

The defendant taught English and, from 1975 to 1987, ran the school's theater program. Separate from his employment at the school, the defendant led bicycle trips to Italy during the summer months, during which he would travel and stay with the participating students.

Roger began attending the school in 1978. In 1981, in the summer before his freshman year, Roger went on one of the bicycle trips to Italy. During the trip, the group stayed at an

_____

defendant during the 1980s and in 2017, and records regarding the school's communication with the defendant.

inn. Roger was assigned to sleep in the same double bed as the defendant. Before turning in for the night, the group went out for dinner and wine, with most participants, including Roger, drinking alcohol. During the night, Roger awoke to the defendant "snuggl[ing]" with him which caused Roger to feel "embarrassed," "confused," and "panicked." He attempted to roll away, but the defendant reached and grabbed Roger's penis. Roger was "terrified" and pretended to be asleep, but the defendant was "persistent."

The following morning, Roger confided in two other students who were on the trip and detailed what the defendant had done. One of the students told Roger that he was not surprised by the defendant's actions because the defendant had "tried stuff" with him. The student also told Pires, "We all knew that [the defendant] was this menace and had previously tried stuff," adding that on the bicycle trip the defendant had hugged him "and wouldn't let go." The same day that Roger confided in him, the student confronted the defendant, telling him, "Rey, you fucked up last night," to which the defendant responded, "I did" and "You're right, I did and I won't do it again."

The bicycle trip ended, and the students returned home. Roger did not tell his parents what the defendant had done to him. Roger's mother thought the defendant would be a good mentor and role model for Roger, so she invited the defendant to

the family home on Cape Cod during the summer of 1981. On several occasions while there, the defendant attempted to hug Roger and touch Roger's penis, but Roger told him "no" and walked away.

The defendant served as Roger's academic advisor during Roger's freshman year of high school. Roger was struggling academically, and the defendant began to tutor him. The tutoring sessions took place at the defendant's on-campus apartment. During these sessions, the defendant offered Roger beer and dinner and made advances toward him, but Roger, at first, would push the defendant away. The advances progressed to the defendant physically touching Roger, including touching Roger's penis over his clothing. Roger alleged that "[o]n two or three occasions [the defendant] gave me a blowjob by putting his mouth over my penis."

With Roger's permission, the friend in whom Roger had confided told his own mother what had happened to Roger in Italy. The friend's mother then told Roger's mother. In the spring of 1982, Roger's mother and the parents of Roger's friend informed the school of the abuse. According to the friend, at some point thereafter the defendant told the friend that he was dealing with his issues and wanted the friend "to know that it

wasn't gonna happen again."[2]  The school removed the defendant from advising and tutoring Roger and told the three parents that the defendant would no longer participate in the bicycle trips.

The headmaster approached the defendant with allegations that the defendant had rubbed a different student's back and had touched Roger's genitals.  The headmaster testified that the defendant "did not deny that.  [The defendant] reminded me that he had not -- he had stopped always when any student asked him to."  The defendant gave the headmaster permission to speak with the defendant's therapist, and the therapist "assured [the headmaster] that [the defendant] was seriously working on the issues that had surfaced on the bike trip and that he felt that [the defendant] was serious, that progress was being made."  In April 1982, the school reappointed the defendant on probationary status and temporarily removed him from on-campus housing.

In June 1987, two years after Roger had graduated, the headmaster was notified that earlier that year, the defendant had orally raped a freshman boy in the defendant's on-campus apartment.  The headmaster and an attorney for the school confronted the defendant.  The defendant admitted the incident with this boy, and said that the incident occurred in the defendant's bed in his on-campus apartment, and that he and the

_____

[2] It is unclear from the grand jury transcript whether this statement was a direct quote from the defendant.

boy performed oral sex on each other, but that only the boy had ejaculated. The school fired the defendant after this incident. The defendant left the United States at some point in 1987 and was living abroad at the time of the 2017 grand jury presentation.

The grand jury indicted the defendant on three counts of statutory rape, G. L. c. 265, § 23, and three counts of forcible rape of a child under sixteen years of age, G. L. c. 265, § 22A, based on three incidents involving Roger occurring on divers dates between September 1, 1981, and July 1, 1982, in Norfolk County. A warrant issued for the defendant's arrest. He was arrested in Thailand in May 2018 and extradited to the United States.

In October 2018, the defendant moved in the Superior Court to dismiss the indictments, pursuant to Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). After a hearing, a judge allowed the defendant's motion to dismiss on the basis that the Commonwealth did not present the required corroborating evidence pursuant to G. L. c. 277, § 63. The judge also determined that the Commonwealth "presented insufficient evidence to establish probable cause of more than two charges of statutory rape under G. L. c. 265, § 23."

In January 2019, the Commonwealth filed a motion for reconsideration of the dismissal and a motion to report

questions of law. The defendant opposed the motions. After a hearing, the judge invited further briefing. The Commonwealth filed a revised motion to report questions of law, which the defendant also opposed. The judge subsequently reported the following two questions of law to the Appeals Court, pursuant to Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004):

1. "Does the phrase 'any period' in the last sentence of the first paragraph of G. L. c. 277, § 63, refer to the phrase 'more than [twenty-seven] years' in the second sentence of that paragraph?

2. "Does the provision in the second sentence of G. L. c. 277, § 63, that any indictment 'found and filed' beyond [twenty-seven] years from the date of the commission of the offense alleged be supported by independent evidence corroborating the victim's allegation require that such evidence be presented to the grand jury, failing which that indictment is subject to dismissal prior to trial?"

Discussion. 1. G. L. c. 277, § 63. "We review a question of statutory interpretation de novo, without deference to the motion judge's conclusion." Commonwealth v. Perella, 464 Mass. 274, 276 (2013), quoting Commonwealth v. George W. Prescott Publ. Co., 463 Mass. 258, 264 n.9 (2012). "We focus first on the language of the statute . . . ." Perella, supra, quoting Commonwealth v. Millican, 449 Mass. 298, 300 (2007). We "do not look to extrinsic sources to vary the plain meaning of a clear, unambiguous statute unless a literal construction would yield an absurd or unworkable result." Perella, supra quoting Millican, supra at 300-301. Moreover, we construe criminal statutes

"strictly against the Commonwealth and in favor of the defendant."  Commonwealth v. McLaughlin, 431 Mass. 241, 250 (2000).

a.  Tolling provision in G. L. c. 277, § 63.  We start by addressing the first reported question of law, whether the tolling provision in § 63 applies to the requirement that, where a complaint is filed more than twenty-seven years after the alleged crime was committed, corroborating evidence of the allegation must be presented (corroboration requirement).

The Commonwealth argues that the plain language of the statute "mandates that the tolling provision in the last sentence of the first paragraph applies to all of that section, including the second sentence and the crimes listed in it."  The defendant counters that the "tolling provision applies only to statutes of limitation, not evidentiary requirements, and is therefore inapplicable to sex offenses against children, which have no limitations period."  We hold that the tolling provision in § 63 does not apply to the twenty-seven year evidentiary requirement.

General Laws c. 277, § 63, provides in relevant part:

"An indictment or complaint for an offense set forth in [§ 22A or 23] of chapter 265 . . . may be found and filed at any time after the date of the commission of such offense; but any indictment or complaint found and filed more than [twenty-seven] years after the date of commission of such offense shall be supported by independent evidence that corroborates the victim's allegation.  Such

independent evidence shall be admissible during trial and shall not consist exclusively of the opinions of mental health professionals. . . . Any period during which the defendant is not usually and publicly a resident within the commonwealth shall be excluded in determining the time limited.

"Notwithstanding the first paragraph, if a victim of a crime set forth in [§ 22A or 23] of chapter 265 . . . is under the age of [sixteen] at the time the crime is committed, the period of limitation for prosecution shall not commence until the victim has reached the age of [sixteen] or the violation is reported to a law enforcement agency, whichever occurs earlier."

Under the plain language of § 63, the corroboration requirement is not subject to tolling. See Commonwealth v. White, 475 Mass. 724, 734 (2016).[3] The plain language provides that child rape offenses "may be found and filed at any time after the date of the commission of such offense" (emphasis added), G. L. c. 277, § 63, and we previously stated that the 2006 amendment to the statute, St. 2006, c. 303, § 9, eliminated

---

[3] Although in Commonwealth v. White, 475 Mass. 724 (2016), we did not directly address the issue presented here -- whether tolling applies to the corroboration requirement -- we implicitly concluded that tolling did not apply to the corroboration requirement. Id. at 730-731, 734. In White, we analyzed the tolling of the statute of limitations under a previous version of G. L. c. 277, § 63, and the corroboration requirement under the current statute. Id. We determined that the defendant's absence from the Commonwealth had tolled some period of the statute of limitations, id. at 730-732, but that the "allegations with respect to any incidents taking place . . . more than twenty-seven years prior to indictment . . . required corroboration by independent evidence." Id. at 734.

the statute of limitations for child rape.[4]  See Commonwealth v. White, 475 Mass. 724, 730 n.11 (2016) (St. 2006, c. 303, § 9, "lifted entirely" the "limitations period"); Commonwealth v. Stevenson, 474 Mass. 372, 379 (2016) (same).  However, for any charges filed beyond twenty-seven years after the crime was committed, corroborating evidence must be presented.  G. L. c. 277, § 63.  And the tolling provision concludes the first paragraph of § 63 and provides that "[a]ny period during which the defendant is not usually and publicly a resident within the commonwealth shall be excluded in determining the time limited" (emphasis added).[5]  G. L. c. 277, § 63.  We conclude that the provision that sets forth a limitations period is separate from the corroboration requirement, which is an evidentiary

---

[4] Other offenses enumerated in § 63 have specific statutes of limitations attached.  G. L. c. 277, § 63.

[5] A review of the previous versions of the statute support our interpretation that the phrase "time limited" applies to the statute of limitations.  The versions of the statute from its original iteration in 1836 until the version amended in 2006 set forth applicable statutes of limitations and a tolling provision, but not a corroboration requirement.  See R.S. 1836, c. 136, § 16 ("but any period, during which the party charged was not usually and publicly resident within this state, shall not be reckoned as part of the [six year statute of limitation]"); R.L. 1902, c. 218, § 52.  The phrase "time limited" first appeared in the 1902 version, R.L. 1902, c. 218, § 52.  It was not until the 2006 amendment that the Legislature added the corroboration requirement to the statute.  St. 2006, c. 303, § 9.  Thus, the statute's history supports our conclusion that the phrase "time limited" refers only to the statute of limitations.

requirement. See Black's Law Dictionary 674, 1636 (10th ed. 2014) (defining "statute of limitations" as "[a] statute establishing a time limit for prosecuting a crime, based on the date when the offense occurred" and "corroborating evidence" as "[e]vidence that differs from but strengthens or confirms what other evidence shows"). When it added the corroboration requirement, the Legislature did not add language to the tolling provision that would extend the reach of the phrase "time limited" to include the evidentiary requirement. Not only does the statute not contain language that would make the phrase "time limited" apply to the corroboration requirement, but the Legislature also separated these two distinct concepts from each other by a semicolon, demonstrating a legislative intent to separate the two concepts. See Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 126 (2006) (examining sentence structure to aid statutory interpretation).

Moreover, the legislative purpose of G. L. c. 277, § 63, supports our conclusion that the corroboration requirement is not subject to tolling. As we detailed in White, 475 Mass. at 736-737, the corroboration requirement was added to the statute to preserve fundamental safeguards of a fair trial that could be threatened after the elimination of the statute of limitations. The Legislature sought "to give child victims of sexual abuse

the time they need to heal, come forward and still have their day in court" (citation omitted), but there was concern that "memories of childhood abuse, when recalled decades later, may not be sufficiently precise to serve as the sole basis for a criminal conviction," White, supra at 736-737, and authorities cited. Thus, the Legislature added the corroboration requirement for allegations outside the twenty-seven year threshold. See id. Tolling the evidentiary corroboration requirement would not further the Legislature's goal of preserving the fundamental safeguards of a fair trial. See id. at 737, quoting State House News Service (July 26, 2006) (statement of Rep. Fagan). Extending tolling to the evidentiary requirement would undermine the explicit requirement and purpose of corroboration.

Therefore, we conclude that under the plain language of G. L. c. 277, § 63, and viewing the statute as a whole and in light of its legislative history and purpose, the corroboration requirement is not subject to tolling.

b. Corroborating evidence at the grand jury stage. We next address the second reported question, whether the corroborating evidence required in § 63, has to be presented at the grand jury stage.

The Commonwealth argues that "[w]hether the defendant's admissions corroborate the child rape victim's allegation is a

credibility question for a trial jury."  The defendant argues that the "plain statutory language compels an affirmative answer" to the reported question.  We agree with the defendant.

General Laws c. 277, § 63, provides that "any indictment or complaint found and filed more than [twenty-seven] years after the date of commission of such offense shall be supported by independent evidence that corroborates the victim's allegation. Such independent evidence shall be admissible during trial" (emphasis added).  G. L. c. 277, § 63.  A plain reading of this statutory language is that the corroboration requirement applies to "any indictment . . . found and filed more than [twenty-seven] years after the date of commission of such offense" (twenty-seven year threshold).  G. L. c. 277, § 63.  See Commonwealth v. LeBlanc, 475 Mass. 820, 821 (2016) ("Clear and unambiguous language is conclusive as to legislative intent"); Hashimi v. Kalil, 388 Mass. 607, 609 (1983) ("The word 'shall' is ordinarily interpreted as having a mandatory or imperative obligation").

Although we have not previously addressed the application of § 63 at the grand jury stage, our conclusion finds support in the Stevenson case.  In Stevenson, 474 Mass. at 378, we touched on the Legislature's effort to remedy a potential issue that after the passage of time, "[a]ccurately relaying the complainant's memory of . . . details [of the complainant's

story] to the grand jury through hearsay testimony can be less than perfect."  We stated,

> "The fact that sexual assault cases under these statutes are now capable of being prosecuted decades after the commission of the crimes may exacerbate concerns regarding the reliability of hearsay evidence presented in a nonadversary setting such as the grand jury.  But the Legislature contemplated the inevitability of such cases being brought under G. L. c. 277, § 63, and provided for additional protections when such charges are sought.  Specifically, the statute explicitly provides that 'indictments . . . filed more than [twenty-seven] years after the date of commission of such offense shall be supported by independent evidence that corroborates the victim's allegation' . . . .  Such corroboration was not required here" (citation omitted).

Stevenson, supra at 379.  Because the alleged crimes in Stevenson occurred below the twenty-seven year threshold, id. at 372-374, the implication of our statement that corroboration was not required in that case is that corroboration is required at the indictment stage where the alleged crimes occurred beyond the twenty-seven year threshold.

In addition, the Legislature's explicit limitation of corroboration requirements to the trial stage in other statutes bolsters our interpretation that § 63 requires the Commonwealth to present evidence corroborating a victim's allegation at the grand jury stage.  See G. L. c. 272, § 11 ("A person shall not be convicted [under G. L. c. 272, §§ 2, 4, and 6,] upon the evidence of one witness only, unless his testimony is corroborated in a material particular" [emphasis added]); G. L.

c. 233, § 20I ("No defendant in any criminal proceeding shall be convicted solely on the testimony of, or the evidence produced by, a person granted immunity" under G. L. c. 233, § 20E). The lack of similar specific language limiting the corroboration requirement of § 63 to the trial stage indicates that the Legislature did not intend to limit this requirement.

Furthermore, the Commonwealth's arguments focusing on the practical issues that may arise from requiring it to present corroborating evidence to the grand jury do not compel a different result. The 2006 amendment to G. L. c. 277, § 63, entailed compromising on a challenging issue with competing interests at play. By eliminating the statute of limitations for child rape, the Legislature extended the rights of victims, and by providing a threshold past which corroborating evidence must accompany an allegation at the grand jury stage, the Legislature provided protections "against unfounded criminal prosecutions." McCarthy, 385 Mass. at 163, quoting Lataille v. District Court of E. Hampden, 366 Mass. 525, 532 (1974). See White, 475 Mass. at 737, quoting St. 2006, c. 303, § 9. By requiring corroborating evidence to be presented at the grand jury stage, the Legislature created an exception to the common-law rule that we generally "will not inquire into the competency or sufficiency of the evidence before the grand jury." Commonwealth v. Rex, 469 Mass. 36, 39 (2014), quoting

Commonwealth v. Robinson, 373 Mass. 591, 592 (1977). See Rex, supra at 40. Even assuming, arguendo, that the Commonwealth's argument that requiring corroboration at the grand jury stage would present practical issues, any such issues do not allow us to rewrite the Legislature's work. See LeBlanc, 475 Mass. at 824, quoting Commissioner of Revenue v. Cargill, Inc., 429 Mass. 79, 82 (1999) ("[I]t is the function of the judiciary to apply [the statutory language], not amend it").

For the foregoing reasons, we answer "yes" to the second reported question and conclude that the corroboration requirement of G. L. c. 277, § 63, requires the Commonwealth to present corroborating evidence to the grand jury.

2. Sufficiency of the corroborating evidence. We next address whether the Commonwealth presented sufficient corroborating evidence to the grand jury. The Commonwealth contends that the grand jury had probable cause to corroborate the alleged victim's allegation. As support, the Commonwealth points to the defendant's admission to touching students; his saying "it" would not happen again, "which the grand jury could infer meant sexually assaulting this victim"; and the defendant's confession, five years after the incidents at issue allegedly occurred, to raping another freshman student in "virtually identical circumstances." The defendant relies, in part, on White, 475 Mass. 724, to argue that we should affirm

the trial court's dismissal of the indictments because the Commonwealth did not present adequate corroborating evidence. The defendant contends that under White, the Commonwealth did not meet the "high bar" of corroboration as it failed to corroborate a "specific testimonial fact" regarding an element of the charged offenses. Id. at 739-740. We conclude that the Commonwealth presented adequate corroborating evidence to meet the grand jury's probable cause to indict standard.

"A grand jury may indict when presented with sufficient evidence of 'each of the . . . elements' of the charged offense." Commonwealth v. Stirlacci, 483 Mass. 775, 780 (2020), quoting Commonwealth v. Moran, 453 Mass. 880, 884 (2009). "Probable cause is a 'considerably less exacting' standard than that required to support a conviction at trial." Stirlacci, supra, quoting Commonwealth v. O'Dell, 392 Mass. 445, 451 (1984). "It requires 'sufficient facts to warrant a person of reasonable caution in believing that an offense has been committed,' not proof beyond a reasonable doubt." Stirlacci, supra, quoting Commonwealth v. Levesque, 436 Mass. 443, 447 (2002). When reviewing the dismissal of an indictment, we review the evidence before the grand jury in the light most favorable to the Commonwealth and do not defer to the motion judge's factual findings or legal conclusions. Stirlacci, supra at 780-781.

The incidents alleged to have occurred in the present case took place on divers dates between September 1, 1981, and July 1, 1982, thirty-five years before the return of the true bills of indictment.[6]  Therefore, in accordance with our answers to the two reported questions addressed supra, the Commonwealth was required to present evidence to the grand jury that corroborated the alleged victim's allegations.  See G. L. c. 277, § 63.  To address whether the Commonwealth presented sufficient corroborating evidence, we look first to the relevant language in G. L. c. 277, § 63:

> "[A]ny indictment or complaint found and filed more than [twenty-seven] years after the date of commission of such offense shall be supported by independent evidence that corroborates the victim's allegation.  Such independent evidence shall be admissible during trial and shall not consist exclusively of the opinions of mental health professionals."

---

[6] Referring to the fact that although they heard evidence of sexual abuse taking place on Cape Cod and in Italy, the indictments were sought only for the conduct that took place at the school in Norfolk County, the prosecutor gave the grand jurors a limiting instruction:  "You have heard reference to other acts allegedly committed by [the defendant], which did not occur within the jurisdiction of Milton or Norfolk County.  No indictments are being sought for those acts.  You are not to take any of those references as substitute for proof that . . . there's probable cause that [the defendant] committed crimes within Milton . . . .  You may only consider the evidence pertaining to those other acts as it relates to [the defendant's] possible motive, state of mind, patter[n] of conduct, the absence of accident, or innocent intent, and as it relates to the state of mind of [Roger] and other witnesses."

The plain language of this provision provides that the corroborating evidence (1) must be something other than the alleged victim's allegation; (2) cannot "consist exclusively of the opinions of mental health professionals"; and (3) "it must be of a sort 'admissible during trial.'"  See G. L. c. 277, § 6336.  In the White case, we interpreted the corroboration requirement for the first time in the context of whether the victim's trial testimony "was supported by 'independent evidence that corroborates [her] allegation.'"  White, 475 Mass. at 735, quoting G. L. c. 277, § 63.  We stated that to meet the corroboration requirement, "the Commonwealth must present corroborating evidence that relates to the specific criminal act at issue" and that "evidence of uncharged misconduct . . . does not itself suffice."  White, 475 Mass. at 736.

In White, the defendant was convicted of one count of rape of a child, G. L. c. 265, § 23, based on an indictment that alleged he had raped his daughter on "diverse dates" both below and beyond the twenty-seven year threshold set forth in § 63. Id. at 725.  We vacated the defendant's conviction where the corroborating testimony before the jury came from the victim's brother.  He stated that he once walked past the victim's room and "saw [the defendant] on top of [the victim], his head in her lap, her on the bed" with the victim "laying back" with "her pants . . . down."  Id. at 726-727.  We concluded that the

brother's account "presented evidence only of uncharged misconduct" and "did not provide 'some specific testimonial fact,' . . . related to the particular incidents" of alleged rape, and as such did not itself suffice to meet the corroboration requirement in § 63.  Id. at 740, quoting Commonwealth v. Helfant, 398 Mass. 214, 219 (1986).  See White, supra at 739-740, quoting Helfant, supra (standard in Helfant that "corroborating evidence must relate to the specific criminal act at issue and, in particular, that it must consist of 'some specific testimonial fact, which, in the context of the case, is probative on an element of the crime' . . . especially appropriate for defining the corroboration requirement in the statute at issue").[7]

Although our interpretation of the corroboration requirement set a "high bar," this bar "is not insuperable," White, supra at 740, and in the present case we conclude that the Commonwealth's evidence met this standard.  Whereas in White we addressed the corroborative value of the testimony of the victim's brother regarding uncharged conduct, White, supra at

---

[7] The statute at issue in Commonwealth v. Helfant, 398 Mass. 214 (1986), G. L. c. 272, § 11, contained the requirement that the testimony of a witness must be "corroborated in a material particular."  See G. L. c. 272, § 11; Helfant, supra at 218-219 & n.3.  Although § 63 contains the requirements detailed supra, it does not contain the "material particular," or similar, language.  See G. L. c. 277, § 63.

736, here we are presented with an alleged admission by the defendant that "it wasn't gonna happen again."  The Commonwealth argues that "it" in this statement related to the charged conduct.  The defendant argues that to the extent anything can be inferred from this statement, the statement related to the events in Italy and not the charged crimes.

The defendant made the alleged admission that "it wasn't gonna happen again," at some point in the spring of 1982.  When considering the corroborating evidence in the context of Roger's statements, the grand jury could have inferred that the alleged oral rapes had occurred by the spring of 1982.  Roger told the investigator that during the 1981 to 1982 school year, the defendant had invited him to the defendant's apartment four to six times under the premise of helping Roger study.  It was during these visits that the alleged crimes at issue occurred.  Roger further told the investigator that he believed these incidents occurred over several months but did not believe it lasted the whole year.  Viewing this evidence in the light most favorable to the Commonwealth, we conclude that it was reasonable for the grand jury to infer that the "it" in the defendant's statement referred to the alleged oral rapes for which the defendant was charged, therefore providing the

required corroborating evidence.[8]  See Stirlacci, 483 Mass. at 780.  See also Commonwealth v. Lewis, 465 Mass. 119, 127 (2013) (meaning of defendant's ambiguous statement was question of fact for jury).  Therefore, we conclude that the Commonwealth presented sufficient corroborating evidence to the grand jury to establish probable cause.

3.  Number of incidents.  We turn next to whether the Commonwealth's evidence established probable cause for two or three separate incidents of rape.  The Commonwealth argues that in the light most favorable to it, the "grand jury testimony that the defendant raped the victim 'two or three' times showed probable cause for crimes committed on three occasions."  The defendant counters that, if we reach this issue, the "alleged victim's statement, presented to the grand jury through a police officer, that he received oral sex from [the defendant] on 'two or three occasions' presents reasonably trustworthy information to indict for two instances, not three."  We hold that the

---

[8] We focus our analysis on the defendant's alleged admission that "it wasn't gonna happen again," but note that we are not holding that the other evidence of the defendant's alleged misconduct with the victim or other students would not be admissible at trial.  See White, 475 Mass. at 739 n.24, citing Commonwealth v. King, 387 Mass. 464, 470 (1982) (we previously held that "Commonwealth was permitted to present evidence of uncharged sexual misconduct; we did not say that such evidence would suffice where corroboration is required").

Commonwealth's evidence established probable cause for two separate incidents.

Although, in general, a "court will not inquire into the competency or sufficiency of the evidence before the grand jury" (citation omitted), Rex, 469 Mass. at 39, "[a]t the very least, the grand jury must hear enough evidence to establish the identity of the accused and to support a finding of probable cause to arrest the accused for the offense charged" (footnote omitted), id. at 40.  "A grand jury finding of probable cause is necessary if indictments are to fulfil their traditional function as an effective protection 'against unfounded criminal prosecutions.'"  Id., quoting McCarthy, 385 Mass. at 163.

The grand jury had before it two sources that provided context for the number of incidents.  It heard that Roger told Pires that "[o]n two or three occasions [the defendant] gave me a blowjob by putting his mouth over my penis."  The grand jury also had before it an excerpt from the report of the school's consultant that documented the consultant's 2016 interview with Roger.  This report states that Roger said, "There were several times when I allowed [the defendant] to . . . touch me.  I allowed him to take off my pants . . . to pull down my underwear and perform oral sex on me."  Those two statements were the only evidence before the grand jury regarding the specific number of

crimes alleged to have occurred in Norfolk County.[9] Without presenting more information to the grand jury as to the number of alleged incidents, the grand jury would have been forced to speculate regarding the third incident. See Rex, 469 Mass. at 39-40. Therefore, although the Commonwealth presented sufficient evidence to indict the defendant for two incidents, it failed to present "sufficient facts to warrant a person of reasonable caution in believing that an offense has been committed" for the third occasion. Levesque, 436 Mass. at 447.

Conclusion. We answer the reported questions as follows:

1. The tolling provision in the first paragraph of G. L. c. 277, § 63, does not apply to the requirement to provide corroborating evidence for criminal charges brought beyond the twenty-seven year time limitation in the second sentence of that paragraph.

2. The corroboration requirement of G. L. c. 277, § 63, for criminal charges brought beyond the twenty-seven year time limitation requires the Commonwealth to present corroboration evidence to the grand jury.

---

[9] Although the grand jury heard that the alleged victim referred to frequent encounters where the defendant would touch the alleged victim's genitals, these encounters could not provide probable cause for the crimes for which the defendant was indicted. See Commonwealth v. Hackett, 383 Mass. 888, 888 (1981); Commonwealth v. Gallant, 373 Mass. 577, 584-585 (1977).

We further conclude that the Commonwealth presented sufficient corroborating evidence to the grand jury for two incidents.  Accordingly, we reverse the allowance of the motion to dismiss indictments nos. 1782CR00399-001, -002, -004, and -005 but affirm the dismissal of indictments nos. 1782CR00399-003 and -006 for the third incident.

<u>So ordered</u>.